Darnell EVANS, Petitioner,

v.

John DEUTH, acting superintendent of Pendleton Correctional Facility, Respondent.

No. 3:97CV0648 AS.

United States District Court,
N.D. Indiana,
South Bend Division.

May 15, 1998.

Darnell Evans, Pendleton, IN, pro se.

Susan B. Klineman, Indianapolis, IN, for Respondent.

### MEMORANDUM AND ORDER

ALLEN SHARP, District Judge.

On September 29, 1997, *pro se* petitioner Darnell Evans, an inmate at the Pendleton Correctional Facility in Pendleton, Indiana, filed a petition pursuant to 28 U.S.C. § 2254. The response filed by the Attorney General of Indiana on February 23, 1998, demonstrates the necessary compliance with *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir.1982). A statement and memorandum were filed by this petitioner *pro se* on May 7, 1998, which explains the extended time between the filing of the response and this order.

This petitioner at the time of filing this case was a convicted felon serving a sentence imposed by a court in the State of Indiana, and was serving the same in the Pendleton Correctional Facility, which is within the territorial area of the United States District Court for the Southern District of Indiana, not this district. However, it appears that the controversy here occurred when this defendant was incarcerated at the Westville Correctional Facility in Westville, Indiana in this district. There, he was the subject of a Conduct Adjustment Board (CAB) proceeding, WCC 96–06–0640. As the result of that proceeding, he was convicted of extortion and sanctioned by the deprivation of 180 days of earned credit time. In the memorandum filed by the Attorney General of Indiana on February 23, 1998, at pages one and two, there are undisputed facts set forth which this court presumes as correct under 28 U.S.C. § 2254(e)(1).

There is an additional time problem here. The last act involving this CAB proceeding was on September 25, 1996, when the final reviewing authority denied an appeal. As indicated, this case was filed on September 29, 1997. The time problem which would be a year within September 25, 1997, presents a closer time question, but this court is well aware of *Houston v. Lack*, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988) and the papers in this case will be construed under it in the light most favorable to this petitioner. On September 29, 1997, in addition to the filing of the petition, a Notarized Statement of Confined Inmate Verifying Mailing of Documents to Clerk of Court was filed. This document states that the petitioner deposited his petition in the prison mailing system on September 19, 1997. Under *Houston's* standard, this saves the petition and the court finds his petition was timely.

This record must be examined under *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), and *Superintendent, Mass. Corr. Institution, Walpole v. Hill*, 472 U.S. 445, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985). With reference to *Superintendent, see Meeks v. McBride*, 81 F.3d 717 (7th Cir.1996), and *Hester v. Mc Bride*, 966

F.Supp. 765 (N.D.Ind.1997). Of more significant moment is the possible argument under *Forbes v. Trigg,* 976 F.2d 308 (7th Cir.1992), *cert. denied,* 507 U.S. 950, 113 S.Ct. 1362, 122 L.Ed.2d 741 (1993), in regard to the opportunity to call a witness named Marque Weeks. This court is greatly concerned with this issue and this record has some indication that the prison officials are treating *Forbes* cavalierly.

■ This petitioner filed an excellent, 22–page memorandum in support of his traverse on May 7, 1998, which is in near perfect legal form, greatly appreciated here. In the traverse, petitioner correctly states that there is a constitutional right to call witnesses, *see Wolff.* However, that right is not universally applicable to all hearings. *Wolff* at 540, 94 S.Ct. 2963. However, the fact that a witness was excluded is not the problem in this case.

■ Under the *Wolff* standards, "Advance written notice of charges must be given to the disciplinary action inmate, no less than 24 hours before his appearance before the Adjustment Committee." *Wolff* at 540, 94 S.Ct. 2963. In this case, it seems that 24 hour notice was given, but not on the charge that the petitioner was finally convicted. The respondent never claims that petitioner was given 24 hour notice after the charge was changed from Giving Anything of Value to Extortion.

The respondent does claim that "Throughout the report of investigation, the word extortion is used to describe Evans' actions." After reviewing that report, the word extort is used only twice. Additionally, respondent claims that the defense used for the two allegations is exactly the same. However, if the petitioner was not given proper notice it is unclear that there was appropriate time for any other defense to be had.

After reviewing all of the reports of the Conduct Adjustment Board, it seems that the original charge was changed on the day of the disciplinary hearing. The screening report, which gave the petitioner the notice of the charge, lists the alleged offense as Giving Anything of Value. The report of the disciplinary hearing has the same offense typed in the appropriate section. However, on the disciplinary hearing report that charge is crossed out and replace with the charge of Extortion.

Therefore, the court finds that Mr. Evans' due process rights were violated during the July 10, 1996 CAB hearing. The court now **CONDITIONALLY GRANTS** petitioner's habeas corpus petition. Further, the court **GRANTS** the respondent leave to conduct a second prison disciplinary proceeding on the charged conduct within 120 days of this decision. The petitioner should be given notice of the proper charge at least 24 hours before the hearing. The respondent must provide the court with notice that such a hearing was held in accordance with this decision. If the respondent fails to hold a renewed disciplinary hearing within 120 days of this decision, the petition will be fully granted and any sanctions imposed as a result of the July 10, 1996, CAB hearing will be ordered expunged.

**IT IS SO ORDERED.**