In the

# United States Court of Appeals
## For the Seventh Circuit

No. 02-2112

JEFFERY WAYNE NORTHERN,

*Petitioner-Appellant,*

*v.*

CRAIG A. HANKS,

*Respondent-Appellee.*

Appeal from the United States District Court
for the Southern District of Indiana, Terre Haute Division.
No. TH 02-23-C-T/F—**John Daniel Tinder**, *Judge.*

SUBMITTED MARCH 26, 2003[*]—DECIDED APRIL 21, 2003

Before COFFEY, RIPPLE, and WOOD, *Circuit Judges.*

PER CURIAM.  Indiana inmate Jeffery Northern filed a petition under 28 U.S.C. § 2254, claiming that prison officials violated his due process rights when they failed properly to notify him of a disciplinary charge. The district court dismissed the petition, and we affirm.[1]

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

[1] Despite Indiana's urging, we decline to reconsider our decision in *Walker v. O'Brien*, 216 F.3d 626 (7th Cir. 2000).

Prison officials at Indiana Correctional Industrial Facility investigated allegations that Northern and two other inmates were smuggling tobacco into the facility with the help of a staff member. After an extensive investigation, officials charged Northern with an Adult Disciplinary Procedures Code 100-A conduct violation for violating Indiana Code § 35-41-5-2(a) (conspiracy) and § 35-44-1-1(a)(2) (bribery). Four days before his disciplinary hearing, Northern received a copy of the conduct and investigation reports detailing the facts supporting the charge. After Northern admitted to smuggling tobacco into the prison, the Conduct Adjustment Board ("CAB") found him guilty of a Code 100-A violation and demoted him to credit-earning class III. Northern appealed, and although the reviewing authority affirmed the credit demotion, it modified the charge, stating that it believed the facts as set forth in the investigation report more appropriately supported a finding that Northern violated Code 111/113-A for attempted trafficking.

Northern filed a petition for a writ of habeas corpus, which the district court later denied. In his petition, Northern alleged that he received 24-hour notice of the original charge, but not of the modified charge, and therefore, because he was convicted of an offense different from the offense identified in the original notice, his due process rights were violated. The district court found that Northern had received advance notice of the original charge, and that the reviewing authority's modification of the charge on appeal was "of no consequence" because the evidence supported either charge. Thus, the court concluded that Northern's due process rights were not violated.

On appeal Northern renews his argument that the reviewing authority's modification of the charge violated due process because it did not give him advance notice, and thus he could not mount an appropriate defense. He argues that if he had originally been charged with attempted

trafficking, his "defensive posture [at the CAB hearing] would have been different."

Indiana inmates have a protected liberty interest in their credit-earning class, *Montgomery v. Anderson*, 262 F.3d 641, 645 (7th Cir. 2001), and therefore are entitled to receive advance written notice of the charges against them, *Wolff v. McDonnell*, 418 U.S. 539, 563-64 (1974). The notice should inform the inmate of the rule allegedly violated and summarize the facts underlying the charge. *Whitford v. Boglino*, 63 F.3d 527, 534 (7th Cir. 1995). The notice requirement permits the accused to gather the relevant facts and prepare a defense. *Wolff*, 418 U.S. at 564; *Whitford*, 63 F.3d at 534.

Here, Northern received advance written notice informing him of the facts underlying the charge. These facts were sufficient to apprise Northern that he could be subject to a trafficking charge. As set forth in the investigation report, Northern had been implicated in a scheme by which tobacco was bought and sold among inmates. According to the report, an unidentified prison staff member would repeatedly bring tobacco into the prison, hide it in the sanitation department so that Northern—who was working in the sanitation department—could access it, and then notify Northern of its location. The report further stated that Northern would retrieve the hidden tobacco while working, conceal it in supply boxes that he needed to deliver to specific units, and then deliver the tobacco to inmates while making deliveries for the sanitation department. Inmates receiving tobacco would send payment to Northern's brother Michael, who was not incarcerated, and Michael in turn would pay the staff member who smuggled the tobacco into the prison. The CAB deemed these facts sufficient to find Northern guilty of conspiracy and bribery, and we agree with the district court that these facts were also sufficient for the reviewing officer to modify the charge to attempted trafficking.

In pressing his argument that notice was insufficient, Northern relies on a district court case, *Evans v. Deuth*, 8 F. Supp. 2d 1135 (N.D. Ind. 1998), in which the original charge (giving anything of value) was changed to a different offense (extortion). There, the prison did not give the accused prisoner 24-hours' notice of the change. But *Evans* (apart from being a district court decision and thus not precedential authority) is distinguishable because the investigation report there did not let Evans know that he would be defending against an extortion charge. Here, by contrast, Northern received a detailed investigation report giving him ample notice that he would be defending against a possible trafficking charge. Because the factual basis of the investigation report gave Northern all the information he needed to defend against the trafficking charge, the reviewing authority's modification did not deprive Northern of his due process rights. See *Holt v. Caspari*, 961 F.2d 1370, 1373 (8th Cir. 1992) (prison disciplinary committee did not deny petitioner due process by elevating charge from "possession of contraband" to "possession of dangerous contraband" because the factual basis for both charges was the same).

AFFIRMED.

A true Copy:

Teste:

_____
*Clerk of the United States Court of
Appeals for the Seventh Circuit*