Charles REESE, Petitioner–Appellant,

v.

Cecil DAVIS, Respondent–Appellee.

No. 02–4062.

United States Court of Appeals,
Seventh Circuit.

Submitted Nov. 18, 2003.*

Decided Nov. 20, 2003.

Charles Reese, pro se, Michigan City, IN, for Plaintiff–Appellant.

Andrew K. Kobe, Office of the Attorney General, Indianapolis, IN, for Respondent–Appellee.

Before POSNER, ROVNER, and EVANS, Circuit Judges.

### ORDER

A conduct adjustment board (CAB) found Indiana state prisoner Charles Reese guilty of battery and sanctioned him with six months' disciplinary segregation and the loss of 180 days' earned-credit time. After exhausting his state remedies, Reese filed a federal habeas corpus petition under 28 U.S.C. § 2254 seeking review of the disciplinary sanction. The district court denied his petition and we affirm.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

On April 20, 2002, a fight erupted between inmates at the prison. According to a report filed by officer J. Sepulveda, Reese "put his hands on [him] pushing [him] back" when he tried to break up the fight. On April 23 Reese received a copy of Sepulveda's report and a disciplinary hearing notice charging him with code violation 102, "committing battery upon another person with a weapon, or inflicting serious injury." Reese signed the notice and pleaded not guilty. Reese asked to watch the security tape of the event, and he also sought a copy of internal policies regarding escorting inmates and officer training. The CAB denied both requests.

The CAB conducted a hearing on the battery charge on May 17. At the hearing Reese denied pushing Sepulveda, claiming instead that he too was merely breaking up the fight when he "pushed another offender who was fighting and that's who bumped into the officer." The CAB obtained witness statements from other inmates corroborating Reese's version of the events. It also reviewed the video tape of the incident, found that it was "inconclusive," and stated that it did not rely on it in making its findings.

Based on Reese's statement, other witness statements, and the conduct report, the hearing board reduced the charge against Reese to code violation 212, "committing battery on another person without a weapon or without inflicting serious injury," and found him guilty of that lesser charge. Reese's attempts to overturn that finding through the prison's appeals process were unsuccessful.

The district court denied Reese's petition for habeas corpus, holding that although he had a protected liberty interest in his good time credits, the process he received was constitutionally adequate. We review the district court's decision de novo. *See Pannell v. McBride*, 306 F.3d 499, 502 (7th Cir.2002).

Reese first argues that his petition should have been granted because there was insufficient evidence to support the CAB's finding that he committed battery. In order to satisfy due process requirements, a prison board's decision to revoke good time credits must be supported by "some evidence." *Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 455, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985). A court will affirm the board's decision if there is any evidence in the record that could support the board's conclusions. *Id.* at 455–56. Here, the CAB had before it the conduct report in which Sepulveda states that Reese put his hands on him and pushed him. That report alone satisfies the "some evidence" standard articulated in *Hill. See McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir.1999).

Reese next asserts that the CAB should have given him copies of the prison's written policies regarding the transfer of inmates and training of officers so that he could have presented them at the hearing and shown that Sepulveda did not follow policy in responding to the fight. Without elaboration, he argues that if Sepulveda had followed proper policy then "he would not have been charged with any disciplinary violation." Although Reese does have a due process right to present relevant documentary evidence in his defense, *see Wolff v. McDonnell*, 418 U.S. 539, 566, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), the hearing board already had access to the written policies and could assess for itself whether Sepulveda violated any policy or whether any violation was relevant to the charge against Reese, *see generally White v. Indiana Parole Bd.*, 266 F.3d 759, 768 (7th Cir.2001). Accordingly, there was no error in the board's refusing him access to the policies. *Id.*

Reese also asserts that he should have been allowed to watch the security video

tape of the fight so that he could "adequately defend" himself. If a video tape contains exculpatory evidence, a prison board must disclose its contents to the prisoner unless it can articulate a legitimate security reason to withhold the tape. *Piggie v. Cotton*, 344 F.3d 674, 678–79 (7th Cir.2003). Here, however, the CAB viewed the video tape and determined that it was inconclusive about Reese's guilt. Because the record demonstrates that the videotape did not contain exculpatory evidence, the CAB was not required to disclose it to Reese. *See id.* at 679; *White*, 266 F.3d at 768.

Lastly, Reese argues that he did not receive proper notice of the modified battery charge of which he was ultimately found guilty. Inmates have a due process right to receive advance written notice of the charges against them. *See Wolff*, 418 U.S. at 563–64. When a charge against a prisoner is later modified, however, the hearing board is not required to give advance notice of the modified charge if he received adequate notice of the original charge and the factual basis for both charges is the same. *See Northern v. Hanks*, 326 F.3d 909, 911 (7th Cir.2003). The conduct report notified Reese that he would be defending himself against a charge that he pushed Sepulveda. The factual allegations in the report support both the original charge and the modified charge; therefore, he had adequate notice. *See id.*

The district court correctly concluded that Reese received due process before being disciplined, and we AFFIRM its judgment.