**Daniel C. PORTEE, Petitioner–Appellant,**

v.

**Stanley KNIGHT, Respondent–Appellee.**

No. 03–3327.

United States Court of Appeals, Seventh Circuit.

Submitted March 4, 2004.*

Decided March 5, 2004.

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Daniel C. Portee, Bunker Hill, IN, pro se.

Daniel J. Kopp, Office of the Attorney General, Indianapolis, IN, for Respondent–Appellee.

Before EASTERBROOK, MANION, and EVANS, Circuit Judges.

## ORDER

Indiana inmate Daniel Portee petitioned for a writ of habeas corpus under 28 U.S.C. § 2254 alleging that he was disciplined without due process. The district court denied the petition, and on appeal Portee renews his claims that he was not given adequate notice of the charge or allowed to present all of his evidence at the disciplinary hearing, and that the charge was brought only because he had filed a grievance against a guard. We affirm.

At breakfast on October 31, 2002, Portee got into an argument with Sergeant Erb and several other guards about racism in the prison. Sergeant Williams, who hap-pened upon the debate but was not involved, watched as Portee became very angry, rose from the wheelchair he was using, and assumed an aggressive "bladed stance." According to Williams, Portee then removed his coat, waved his cane in the air, and yelled that he would "handle" the guards.

Later that same day Williams drafted a conduct report charging Portee with intimidation, a Class B offense, and Portee was notified the next day. Portee identified as documentary evidence the written authorization for him to have the wheelchair and cane, and a medical statement that would show his need for both and that he was soon to undergo surgery. The Conduct Adjustment Board convened on November 8, and Portee requested a continuance; the CAB denied his request and found him guilty, sanctioning him with the loss of 90 days' earned credit time. Portee appealed to the facility superintendent, who reduced the charge to disruptive conduct, a Class C offense, and restored all but 30 days of the lost credit time. Portee appealed again to the Final Reviewing Authority but obtained no further relief. He then turned to federal court.

Indiana prisoners have a protected liberty interest in good time credits, and must be afforded due process before those credits are taken away. *See McPherson v. McBride*, 188 F.3d 784, 785 (7th Cir.1999). Due process requires that an inmate receive 24 hours' written notice of the charge, an opportunity to present evidence to an impartial decision maker, and a written statement that both explains the board's decision and is supported by "some evidence" in the record. *Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 454–55, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985); *Wolff v. McDonnell*, 418 U.S. 539, 563–66, 570–71, 94 S.Ct.

2963, 41 L.Ed.2d 935 (1974); *Piggie v. Cotton,* 342 F.3d 660, 662 (7th Cir.2003).

■ Portee first argues that he received inadequate notice because the facility superintendent modified the charge on appeal without giving him an additional 24 hours notice. But Portee received notice of the original charge seven days before his disciplinary hearing. He was not denied due process simply because the superintendent subsequently reduced the charge on appeal. Portee received notice of the intimidation charge, and that notice was sufficient to alert him that he could alternatively be subject to the lesser charge of disruptive conduct. *See Northern v. Hanks,* 326 F.3d 909, 910 (7th Cir. 2003).

■ Portee also argues that he should have been permitted to submit as evidence his written authorization to possess the wheelchair and cane, and the excluded medical statement. But the right to present evidence does not encompass leeway to offer what is irrelevant or cumulative. *See Pannell v. McBride,* 306 F.3d 499, 503 (7th Cir.2002). We cannot see how it mattered that Portee legitimately acquired and needed his wheelchair and cane, or that he was awaiting surgery. And in any event the board allowed Portee to testify about his medical condition, so the excluded items were cumulative at best.

■ Finally, Portee contends that he was entitled to relief because Sergeant Williams issued the "false and unjustified" conduct report to retaliate for the grievance he filed against Sergeant Erb immediately after their argument. Inmates have a right to be free from arbitrary actions of correctional officers. *McPherson,* 188 F.3d at 787. Ordinarily, though, the procedural due process safeguards are what protect against arbitrary action, and our role is only to ensure that those proce-

dures were followed and that there was "some evidence" to support the decision. *See id.; McKinney v. Meese,* 831 F.2d 728, 733 (7th Cir.1987) (per curium); *Hanrahan v. Lane,* 747 F.2d 1137, 1140–41 (7th Cir.1984) (per curium). Portee has not established that those procedures were not followed, and the allegation that Williams issued a "false and unjustified" disciplinary charge to retaliate because Portee formally complained about Erb, *see Black v. Lane,* 22 F.3d 1395, 1402–03 (7th Cir.1994); *Cain v. Lane,* 857 F.2d 1139, 1145 (7th Cir.1988), fails because seven witnesses testified that Portee indeed got up from his wheelchair and acted aggressively.

AFFIRMED.