**Daniel C. PORTEE, Petitioner–Appellant,**

v.

**John R. VANNATTA, Respondent–Appellee.**

No. 03–3435.

United States Court of Appeals, Seventh Circuit.

Submitted March 25, 2004.*

Decided June 28, 2004.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Daniel C. Portee, Bunker Hill, IN, Petitioner–Appellant Pro Se.

James B. Martin, Office of the Attorney General, Indianapolis, IN, for Respondent–Appellee.

Before POSNER, DIANE P. WOOD, and WILLIAMS, Circuit Judges.

## ORDER

Indiana inmate Daniel Portee petitioned for a writ of habeas corpus, 28 U.S.C. § 2254, alleging that he was disciplined without due process. The district court denied the petition, and on appeal, Portee renews his specific assertions that he was not given the opportunity to call witnesses and to present physical evidence; that he was not given adequate notice of the charge brought against him; and that the charge was brought in retaliation for filing a grievance against two guards. We affirm.

On November 11, 2002, Sergeant Hoover drafted a conduct report charging Portee with attempting to commit a Class A offense—battery upon another person with a weapon or inflicting serious injury. Sergeant Hoover stated in the conduct report that while he was standing in front of the dining hall, Portee stopped his wheelchair in front of him and said, "[T]ake this you white boy," and proceeded to spit at his feet but missed by approximately one foot. According to Sergeant Hoover, Portee then rolled in front of Officer Wilcox and proceeded to spit at him as well and then continued down the hall shouting, "Fuck those two." In the screening report, Por-

tee pleaded not guilty to the charge, and requested a lay advocate, K. Calmes as a witness, and a DNA test to prove that the spit was not his.

At the hearing on November 20, Portee requested that Officer Bingle testify on his behalf. The CAB, however, denied Portee's request and determined that testimony from Officer Bingle was irrelevant because he did not witness the alleged offense. Portee's named witness, Calmes, provided a written statement that said he had overheard Officer Hoover state that he was tired of Portee and he was going to write Portee up. In addition, the CAB denied Portee's request to conduct a DNA test to show that the spit was not his.

The CAB found Portee guilty of committing a Class C offense—insolence, vulgarity, or profanity toward staff—rather than the Class A offense, stating that the Class C offense "better reflects [the] violation." Portee was sanctioned with the loss of 90 days' earned credit time. He appealed to the Superintendent, who agreed that the evidence supported the CAB's findings. He then appealed, without success, to the Final Reviewing Authority. After the district court denied his petition, he appealed.

Indiana prisoners have a protected liberty interest in their good-time credits, so they are entitled to the minimum requirements of due process. *Wolff v. McDonnell,* 418 U.S. 539, 557, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974); *McPherson v. McBride,* 188 F.3d 784, 785 (7th Cir.1999). Due process mandates that prisoners receive written notice of the charge at least twenty-four hours before the disciplinary hearing, an opportunity to present evidence including witness testimony to an impartial decision maker, a written statement explaining what evidence the decision maker relied upon and the reasons for the disciplinary action, and "some evidence" in the record to support the outcome. *Su-*

*perintendent, Mass. Corr. Inst., Walpole v. Hill,* 472 U.S. 445, 454, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985); *Wolff,* 418 U.S. at 564–66, 94 S.Ct. 2963; *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir.2003).

■ Portee first argues that he was denied due process because the CAB refused to allow him to call Officer Bingle as a witness. Though prison inmates do "have a due process right to call witnesses at their disciplinary hearing when doing so would be consistent with institutional safety and correctional goals," *Piggie,* 344 F.3d at 677, an inmate who waits to identify witnesses until the day of the hearing waives that right, *see Miller v. Duckworth,* 963 F.2d 1002, 1004 n. 2 (7th Cir.1992). By failing to name Officer Bingle as a witness before the day of the hearing, Portee waived his right to call Officer Bingle as a witness.

■ Portee also argues that he was denied due process because the CAB did not allow him to present DNA evidence that would exonerate him by proving that the spit did not belong to him. But prisoners do not have the right to present evidence that is irrelevant, cumulative or unnecessary. *Pannell v. McBride,* 306 F.3d 499, 503 (7th Cir.2002). The DNA evidence would have been unnecessary because the CAB already had sufficient evidence—essentially the testimony of Sergeant Hoover, Officer Wilcox, and a photograph of the spit at the site of the offense—to conclude that Portee had committed the Class C offense. *See Piggie,* 344 F.3d at 677 (reciting the "some evidence" standard).

■ Portee next argues that he received inadequate notice of the charge because he was initially charged with a Class A offense but he was ultimately found guilty of a Class C offense—a lesser charge. Due process mandates that prisoners receive advanced written notice of the charge at least twenty-four hours before the disciplinary hearing, *Wolff,* 418 U.S. at 564, 94 S.Ct. 2963, and here, Portee received notice of the Class A charge seven days before the hearing was conducted. We have held that advance notice of the facts underlying the charge provides adequate notice to the prisoner that he could be subject to a lesser charge. *See Northern v. Hanks,* 326 F.3d 909, 910 (7th Cir.2003). Therefore, the notice Portee received regarding the facts underlying the Class A charge—including spitting and cussing at two officers—was sufficient to alert him that he could alternatively be subject to the lesser charge of insolence, vulgarity, and profanity toward staff. *See id.*

■ Lastly, Portee argues that Sergeant Hoover and Officer Wilcox issued the "false unjustified disciplinary reports in retaliation for a grievance filed against Sgt. Williams and Sgt. Erb." Inmates have a right to be free from arbitrary actions of correctional officers, *McPherson,* 188 F.3d at 787, but the protections against such actions are adequate procedural safeguards, including that the disciplinary decisions be supported by "some evidence." *See id.; McKinney v. Meese,* 831 F.2d 728, 733 (7th Cir.1987) (per curiam). Here Portee's assertion fails because he has not established that procedures were not followed, or that the evidence relied upon by the CAB—a photograph of the spit and the testimonies of Sergeant Hoover and Officer Wilcox asserting that Portee acted insolently and used profanity toward the officers—was not sufficient.

Finally, we note that Portee has become a frequent filer in this Circuit; the present case is his seventh unsuccessful effort at obtaining relief. We hereby warn Portee that any future filings that we deem frivolous will put him at risk of sanctions.

AFFIRMED.