**Daniel C. PORTEE, Petitioner–Appellant,**

v.

**John R. VANNATTA, Respondent–Appellee.**

Nos. 04–1080, 04–1082.

United States Court of Appeals, Seventh Circuit.

Submitted July 20, 2004.*

Decided July 20, 2004.

---

* After examining the briefs and records, we have concluded that oral argument is unnecessary. Accordingly, these appeals are submitted on the briefs and records. *See* Fed. R.App. P. 34(a)(2).

Daniel C. Portee, Bunker Hill, IN, Petitioner–Appellant Pro Se.

Joby Jerrells, Frances Barrow, Office of the Attorney General, Indianapolis, IN, for Respondent–Appellee.

Before BAUER, POSNER, and RIPPLE, Circuit Judges.

## ORDER

Indiana inmate Daniel Portee filed in the district court two petitions under 28 U.S.C. § 2254 challenging separate prison disciplinary sanctions. The district court denied both petitions, and we have consolidated Portee's appeals for decision.

In appeal no. 04–1082, Portee challenges his disciplinary conviction for insolence, for which he lost 30 days of earned credit time. The conviction stemmed from an encounter between Portee and correctional officer David Small that began when Portee approached Sgt. Small to complain about the prior confiscation of Portee's walker. According to Sgt. Small's conduct report, Portee requested transportation to another area in the prison, prompting Sgt. Small's response that Portee's "only trasportation [sic] would be his feet." Sgt. Small reported that, in response to this comment, Portee became "enraged," began yelling, and threatened to sue Sgt. Small and "put papper [sic] on" him—presumably, file a prison grievance or a lawsuit. Sgt. Small further reported that Portee subsequently approached him "in an aggressive manner" and called Sgt. Small "a piece of young white trash." Sgt. Small thereafter charged Portee with the Class B offense of attempted intimidation. After a disciplinary hearing, a prison board convicted Portee of the lesser Class C offense of insolence, vulgarity, or profanity toward prison staff.

Portee's first argument on appeal is that he was not provided with adequate notice of the charge because he was not informed in advance that he would also be facing the lesser charge of insolence. Indiana inmates have a liberty interest in earned credit time and are therefore entitled to due process before the state revokes these credits. *Webb v. Anderson,* 224 F.3d 649, 651–52 (7th Cir.2000). Due process mandates that inmates receive advanced written notice of the charge at least twenty-four hours before the disciplinary hearing so that they can plan their defense. *Wolff v. McDonnell,* 418 U.S. 539, 563–64, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). In this case, Portee received notice of the intimidation charge based on Sgt. Small's conduct report seven days before the hearing was conducted. We have held that advance notice of the facts underlying the original charge provides adequate notice to the inmate that he could be subject to a lesser charge based on those same facts. *See Northern v. Hanks,* 326 F.3d 909, 910 (7th Cir.2003). Therefore, the notice that Portee received regarding the facts underlying the intimidation charge, as outlined in Sgt. Small's conduct report, was sufficient to alert him that he could alternatively be subject to the lesser charge of insolence. We have repeatedly rejected this line of argumentation from Portee in his other appeals (nos. 03–3327, 03–3343, and 03–3435), and once

again emphasize that this argument is frivolous.

■ Portee's second argument is that the prison board violated his due process rights by denying his request to continue the disciplinary hearing so that he could present witness testimony in his defense. Portee contends that he needed the continuance because, at the time of his hearing, he had not yet been able to obtain a statement from an inmate who witnessed the encounter. The hearing report indicates that Portee did not request a continuance, but even if he did, denying his request would not violate due process because he had been provided with adequate notice of the hearing. *See Sweeney v. Parke*, 113 F.3d 716, 719 (7th Cir.1997), *overruled on other grounds by White v. Indiana Parole Bd.*, 266 F.3d 759 (7th Cir.2001). Additionally, Portee had indicated when he was given notice of the hearing that he would bring his own witness statements. Portee did not request further time to obtain a witness statement until his hearing. Although inmates have a constitutional right to call witnesses at disciplinary hearings, *Wolff*, 418 U.S. at 563–64, 94 S.Ct. 2963, this right is limited and requests that inmates make the day of the hearing are not timely, *see Sweeney*, 113 F.3d at 720; *Miller v. Duckworth*, 963 F.2d 1002, 1004 n. 2 (7th Cir.1992). Consequently, the prison board did not violate Portee's due process rights by denying his untimely request to obtain a witness statement. *See Sweeney*, 113 F.3d at 720.

■ Portee's third and final argument is that Sgt. Small issued a false conduct report in retaliation for Portee's grievance against Sgt. Small regarding another incident. Inmates have a right to be free from arbitrary actions of correctional officers, but the protections against such actions are adequate procedural safeguards, including the due process requirement that disciplinary decisions be supported by "some evidence." *See McPherson v. McBride*, 188 F.3d 784, 787 (7th Cir.1999). In this case, Portee's assertion of retaliation fails because he has not established any procedural shortcomings in the disciplinary proceedings, and the conduct report alone provides "some evidence" that he was guilty of insolence, *see id.* at 786. As with Portee's first argument, we have repeatedly rejected this argument about false conduct reports in Portee's other appeals (nos. 03–3327 and 03–3435), and it is likewise frivolous here.

In Portee's other appeal, no. 04–1080, he challenges his disciplinary conviction in March 2003 for being a "habitual rule violator," for which he lost 180 days of earned credit time. Under Indiana prison rules, an inmate can be convicted of being a habitual conduct rule violator if that inmate has been found guilty of four Class A, B, or C rule violations involving four unrelated incidents within the last six months. Prison rules also require that the charge be filed within three days of the triggering guilty conviction. Portee had been convicted previously of being a habitual rule violator in December 2002, but this conviction was overturned on appeal because the charge had not been filed within the requisite three days. When prison officials again charged Portee with being a habitual rule violator in March 2003, they cited as support six disciplinary convictions that they had also cited as support for the December 2002 charge, in addition to citing two new convictions that Portee had accrued in January and March 2003.

■ Portee argues on appeal that his March 2003 conviction for being a habitual rule violator is not supported by "some evidence," as required by due process, *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454–55, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985). Portee contends that,

858

after being "acquitted" of the earlier charge of being a habitual rule violator, it was not permissible for the prison to rely on the same underlying convictions as support for the new charge in March 2003. Put another way, Portee contends that his March 2003 conviction violated his rights under the Double Jeopardy Clause. But, as we have held before, double jeopardy protections do not attach in prison disciplinary proceedings. *See Meeks v. McBride*, 81 F.3d 717, 722 (7th Cir.1996) ("[A]n acquittal in an earlier prison disciplinary hearing is no bar to a subsequent hearing to consider the very same charge."); *Garrity v. Fiedler*, 41 F.3d 1150, 1152 (7th Cir.1994). Thus, there is no reason why prison officials could not rely on the same (and still-valid) underlying convictions to convict Portee of the same charge at a later date, just as they did in this case. As a side argument, Portee points out that the state failed to provide the district court with the full administrative record, but no harm to the reviewing process resulted because, as Portee concedes, he provided the full record to the district court himself. Thus, the district court did not err in denying Portee's § 2254 petition challenging his disciplinary conviction for being a habitual rule violator.

Accordingly, the judgments in both appeals are

AFFIRMED.