Ali A. HAKIM, Petitioner–Appellant,

v.

John VANNATTA, Respondent–
Appellee.

No. 04–1081.

United States Court of Appeals,
Seventh Circuit.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. See Fed. R.App. P. 34(a)(2).

Submitted Sept. 23, 2004.*

Decided Sept. 24, 2004.

Ali A. Hakim, Miami Correctional Facility, Bunker Hill, IN, for Petitioner–Appellant.

Frances Barrow, Office of the Attorney General, Indianapolis, IN, for Respondent–Appellee.

Before EASTERBROOK, DIANE P. WOOD, and EVANS, Circuit Judges.

## ORDER

Indiana inmate Ali Hakim was incarcerated at the Miami Correctional Facility in December 2002, when he was involved in a verbal altercation with a prison staff member. Officer Blackford reported that he had ordered Hakim to move to a different seat in the dining hall during a meal, but that Hakim had refused to obey and instead responded by acting aggressively and yelling a string of obscenities. Hakim admitted that he yelled at Officer Blackford, called him names and used profanity, but claimed that his behavior should be excused because Officer Blackford had used a racial slur towards him. Hakim was charged with Intimidation, but a Conduct Adjustment Board (CAB) ultimately convicted him of Insolence—a less serious offense—and revoked 30 days of earned credit time. Hakim exhausted his administrative remedies and then petitioned for a writ of habeas corpus claiming that the CAB proceeding denied him due process.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

*See* 28 U.S.C. § 2254. The district court denied the petition, and we affirm.

■ Hakim first claims that he was given inadequate notice that he could be convicted of Insolence because he was notified only of an Intimidation charge. Indiana inmates have a protected liberty interest in their earned credit time and may not be deprived of that credit without due process. *McPherson v. McBride,* 188 F.3d 784, 785 (7th Cir.1999). Among the requirements of due process is that the inmate receive 24 hours advance written notice of the charge so that he may prepare a defense. *Wolff v. McDonnell,* 418 U.S. 539, 564, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). Here, Hakim was notified on December 30, 2002, of the charge, and the CAB hearing took place nine days later on January 8, 2003. Although the conduct report originally notified Hakim that he was being charged with Intimidation rather than Insolence, the two charges were both based on the same set of facts. Because the factual basis of the conduct report gave Hakim all the information he needed to defend against the Insolence charge, the CAB's reduction of the charge at the hearing did not deprive him of due process. *See Northern v. Hanks,* 326 F.3d 909, 910–11 (7th Cir.2003) (per curiam).

■ Hakim next argues that he was denied the right to call as witnesses an internal affairs investigator and another inmate. He claims that the investigator would have testified that Hakim had been involved in an investigation concerning allegations that Officer Blackford frequently used racial slurs towards inmates, and that the other inmate would testify that Officer Blackford had used racial slurs in the past. But an inmate's right to present witnesses is limited and does not include the right to elicit irrelevant or unnecessary testimony. *Pannell v. McBride,* 306 F.3d 499, 503 (7th Cir.2003) (per curiam). Neither the inves-

tigator nor the other inmate was present during the argument between Hakim and Officer Blackford, so we cannot see how either's testimony would have been relevant to the issue of Hakim's behavior in the dining hall.

Finally, Hakim claims that Officer Blackford wrote the conduct report solely to retaliate against him for participating in the internal affairs investigation about his alleged use of racial slurs. Inmates have a right to be free from arbitrary actions of correctional officers, but that right is protected by procedural due process safeguards; our role is typically limited to ensuring that those procedures were followed. *McPherson,* 188 F.3d at 787. Hakim has not established that he was denied due process, and any claim that Officer Blackford retaliated against Hakim by making false allegations, *see Black v. Lane,* 22 F.3d 1395, 1402–03 (7th Cir.1994); *Cain v. Lane,* 857 F.2d 1139, 1145 (7th Cir.1988), fails because Hakim admitted on his screening report and in his statement to the CAB that he yelled at Officer Blackford, called him names, and used profanity.

AFFIRMED.