NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 28, 2012[*]
Decided August 29, 2012

**Before**

RICHARD A. POSNER, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 12-1734

| | |
|---|---|
| LAVANCE DAVENPORT, | Appeal from the United States District |
| *Petitioner-Appellant,* | Court for the Southern District of Illinois. |
| | |
| *v.* | No. 11-cv-539-DRH |
| | |
| WENDY J. ROAL, | David R. Herndon, |
| *Respondent-Appellee.* | *Chief Judge.* |

**O R D E R**

Federal inmate Lavance Davenport claims he was disciplined without due process. He filed a petition for a writ of habeas corpus, see 28 U.S.C. § 2241, which the district court dismissed. We affirm that decision.

---

[*] Appellee Wendy J. Roal was not served with process in the district court and is not participating in this appeal. After examining the appellant's brief and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the appellant's brief and the record. See FED. R. APP. P. 34(a)(2)(C).

Davenport was sentenced to 70 months' imprisonment in January 2004 after pleading guilty to drug crimes involving crack cocaine. See 21 U.S.C. §§ 841(a)(1), 860(a). In June 2005, while serving this sentence at a federal prison in Tennessee, Davenport was caught hiding a cell phone in a mop. When a corrections officer tried to place him in handcuffs, Davenport allegedly hit the guard in the chest, shoved him into a wall, and ran for the woods outside the minimum-security camp. He pleaded guilty to a misdemeanor charge of possessing contraband while incarcerated, 18 U.S.C. § 1791(a)(2), for which he was sentenced to one additional day in prison. Davenport also received a disciplinary report accusing him of possessing the phone, assaulting the guard, refusing an order to place his arms in a position to be cuffed, and escape. A disciplinary hearing officer credited the guard's written report over Davenport's testimony that he never assaulted the guard or left the prison camp even if he did have the cell phone. The hearing officer found Davenport guilty except for the charge of refusing the guard's order. But later, after Davenport's administrative appeal, the hearing officer reconsidered the escape charge and instead found Davenport guilty of the lesser infraction of escape followed by a voluntary return within 24 hours. Davenport lost good time and was transferred to a more secure facility and placed in segregation.

Davenport was released from prison in May 2008 after the district court had reduced his sentence under 18 U.S.C. § 3582(c)(2). We cannot tell from the record whether Davenport had received the hearing officer's revised decision before his release, or even whether that decision had yet been issued. Davenport apparently let the matter drop while on supervised release, but in December 2010 he was sentenced to another 10 years in prison after pleading guilty to new charges of conspiracy and distribution of crack, 21 U.S.C. §§ 846, 841(a)(1). Because of these crimes the district court also revoked Davenport's supervised release and ordered him to serve another 18 months in prison. See 18 U.S.C. § 3583(e)(3). Only then, after he was back in prison on these new violations, did Davenport refocus on the disciplinary matter.

Davenport is now imprisoned at the federal penitentiary in Marion, Illinois. In his § 2241 petition he claims that he was not allowed to call witnesses or present other evidence when the hearing officer reconsidered the escape charge (Davenport also raised other allegations, but on appeal he has abandoned the others). According to Davenport, this restriction on the presentation of new evidence denied him due process, and he seeks restoration of his lost good time. The district court rejected this claim; in dismissing Davenport's petition, the court reasoned that the hearing officer was not obliged to receive more evidence because, by Davenport's account, the purpose of the remand was "further consideration" of the existing evidence. Davenport challenges this conclusion on appeal.

As an initial matter, we question whether Davenport satisfied the "in custody" element of § 2241 when he filed his petition. By that point Davenport had fully served the prison component of his 2004 conviction, and his supervised release for that offense already had been revoked. Arguably, then, he was in prison—"in custody"—only because of new criminal conduct, not because of the 2004 sentence he was serving when the alleged escape occurred. See 28 U.S.C. § 2241(c)(3) ("The writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States."); *Maleng v. Cook*, 490 U.S. 488, 490–91 (1989); *Rivas-Melendrez v. Napolitano,* — F.3d —, 2012 WL 3104824, at *5 (7th Cir. Aug. 1, 2012). In fact, because Davenport's incarceration on the 2004 conviction was cut short immediately upon the district court's amendment of his sentence under § 3582(c)(2), he did not serve any additional period of imprisonment as the result of this sanction.

Even if the disciplinary matter is still subject to review, however, Davenport has not persuaded us that the district court erred in dismissing his § 2241 petition. Inmates have a due process right to notice and an opportunity to call witnesses and present other evidence at disciplinary hearings, *Wolff v. McDonnell*, 418 U.S. 539, 566 (1974), but a replay of the hearing is not required if an inmate's administrative appeal results in substitution of a lesser charge premised on the same facts as the original. See *Northern v. Hanks*, 326 F.3d 909, 910–11 (7th Cir. 2003). Here, although the escape charge against Davenport was altered from a Code 102 to a Code 200 when the matter was remanded to the hearing officer, the revision rests on the same underlying facts and differs only in that the substituted infraction is less severe than the charge that it replaced. Compare FED. CORR. INST. MEMPHIS, ADMISSION & ORIENTATION HANDBOOK 68 (2012), http://www.bop.gov/locations/institutions/mem/MEM_aohandbook.pdf (prohibited act 102), with *id*. at 69 (prohibited act 200). Even by Davenport's account, the purpose of the remand was to reconsider the evidence already adduced, and when the hearing officer gave that evidence a second look, he focused on Davenport's contention that other inmates had seen him in the prison camp after he allegedly ran for the woods. The hearing officer obviously credited those reported sightings, which explains why the escape charge was reduced to the lesser charge of escaping but voluntarily returning within 24 hours. Moreover, Davenport does not identify the witnesses he would have called or tell us what they would have said. And without any claim that he was harmed by their absence, due process was not offended. See *Jones v. Cross*, 637 F.3d 841, 847 (7th Cir. 2011) (applying harmless-error analysis to denial of prisoner's right to call witnesses at disciplinary hearing); *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003) (same); see also *Howard v. U.S. Bureau of Prisons*, 487 F.3d 808, 812–13 (10th Cir. 2007).

Accordingly, we **AFFIRM** the judgment of the district court.