NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 2, 2020*
Decided April 6, 2020

**Before**

DIANE P. WOOD, *Chief Judge*

JOEL M. FLAUM, *Circuit Judge*

AMY C. BARRETT, *Circuit Judge*

No. 19-1656

| | |
|---|---|
| SEDRICK L. REED,<br>*Petitioner-Appellant*, | Appeal from the United States District Court for the Southern District of Indiana, Terre Haute Division. |
| *v.* | No. 2:18-cv-00319-WTL-DLP |
| J.R. BELL,<br>*Respondent-Appellee*. | William T. Lawrence,<br>*Judge*. |

**O R D E R**

Sedrick Reed, a federal prisoner, was found guilty in a prison disciplinary proceeding of possessing an illegal cell phone and, as a result, lost good-time credit. He filed a petition for a writ of habeas corpus, arguing that the disciplinary proceeding violated his constitutional rights. The district court denied the petition, and we affirm.

---

* We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

In September 2016, Reed transferred into the federal prison in Terre Haute, Indiana. In March of the following year, a correctional officer interviewed him as part of an investigation into another inmate whom they suspected of illegally possessing a cell phone. During this conversation, Reed admitted to borrowing and using the inmate's phone to call two people "when I first got here … back in September." Prison officials served Reed with an incident report charging him with possessing an illegal cell phone. The report was dated March 20, 2017 (with the notation "Staff became aware of incident") and listed the "Date of Incident" as December 2, 2016. The narrative, however, cited Reed's admission to using a cell phone "when he arrived," as well as the record of calls to Reed's contacts, as grounds for the violation. The prison's investigation into the incident report was briefly delayed by a criminal inquiry into the presence of the phone in the prison. Prosecutors cleared the prison to continue its disciplinary proceedings on March 30, 2017, and the prison's investigation continued the following day.

At his disciplinary hearing, Reed stated that he had not received copies of forms he had signed informing him of his rights, so the hearing officer gave him the documents and continued the hearing. Three weeks later, Reed appeared for his hearing with a staff representative and denied that he ever used a cell phone while in the prison. The hearing officer, however, credited Reed's earlier admission (documented both in the incident report and in a separate statement taken during the investigation) that he had used a cell phone when he arrived at the prison. Confidential documents from the investigation into the inmate who owned the phone corroborated Reed's admission: phone records showed calls made in September and October 2016 to some of Reed's known contacts. The hearing officer found Reed guilty of possessing a phone and deducted 41 days of good-time credit as punishment. Although the officer cited evidence pertaining to the use of the cell phone in the fall of 2016, in his written statement the officer said that he found that Reed "committed the prohibited act" on March 30, 2017.

Reed petitioned for a writ of habeas corpus, 28 U.S.C. § 2241, contending that the prison's disciplinary procedures violated his constitutional rights. First, he argued that the incident report gave him insufficient notice of the charges against him in violation of his due process rights, because it did not include enough detail about the offense and omitted "details surrounding the discovery, chain of custody, or analysis conducted on the cell phone." The notice was also inadequate, Reed asserted, because it charged him with using a cell phone in December 2016, not on the date in the hearing officer's findings. Additionally, he contended that the questioning that led to his confession

violated the Fifth Amendment because the officer did not give him a warning under *Miranda v. Arizona*, 384 U.S. 436 (1966), before interrogating him.

The district court denied Reed's petition. It first concluded that Reed had waived all but two claims, which the court understood to be (1) a *Miranda* challenge and (2) a claim that he did not receive copies of, or details about, the evidence against him. Regarding the *Miranda* challenge, the district court concluded that no warning was required in disciplinary investigations. As for the denial-of-evidence argument, the court determined, after reviewing the confidential call records and other investigation documents *in camera*, that the failure to provide copies to Reed did not violate his due process rights because the evidence was not exculpatory. We review the denial of Reed's petition de novo. *Pope v. Perdue*, 889 F.3d 410, 413 (7th Cir. 2018).

Reed first contends that the district court did not address his due process arguments that the notice of the violation and the hearing officer's written findings were defective because they contained inconsistent statements about the date of his alleged misconduct. The initial report cited December 2, 2016; the findings referenced March 30, 2017; and the evidence pertained to calls in the fall of 2016.

We agree with Reed that the district court did not address the primary due process arguments he raised, but those arguments could not have succeeded. First, notice of disciplinary charges is adequate if it gives "the charged party a chance to marshal the facts in his defense and to clarify what the charges are." *Wolff v. McDonnell*, 418 U.S. 539, 564 (1974); see *also Jones v. Cross*, 637 F.3d 841, 845 (7th Cir. 2011). Reed correctly points out that this generally requires notice of the time and place of the offense. See *McCollum v. Miller*, 695 F.2d 1044, 1048 (7th Cir. 1982). Here, however, the narrative section of the incident report, which describes the alleged offense, clearly states that the charge was related to calls Reed admitted he made "when he arrived" at the prison (around September 2016) and lists the telephone numbers he was alleged to have called. So, Reed was on notice that the hearing officer was reviewing evidence of illegal phone use during the fall of 2016 and could prepare a defense to that charge—despite the initial report's reference to a December 2016 incident date. See *Northern v. Hanks*, 326 F.3d 909, 910 (7th Cir. 2003) (notice of facts underlying charge meets due process requirements).

Second, Reed's challenge to the adequacy of the written findings also fails because the hearing officer's statement shows that he found Reed guilty of the same phone use described in the incident report. Due process requires hearing officers to explain their decisions in writing to protect inmates from "a misunderstanding of the nature of the original proceeding." *Wolff*, 418 U.S. at 565; see *also Scruggs v. Jordan*,

485 F.3d 934, 941 (7th Cir. 2007). Here, the basis for the officer's finding of guilt is clear: he cited the incident report charging Reed with using a phone "when he arrived" at the prison, phone records showing calls made to Reed's contacts in the fall of 2016, and Reed's statement during the investigation that he used the phone "when I first got here … back in September." The prison has never explained why the hearing officer cited incident date as March 30, 2017. Nonetheless, it seems clear against this backdrop that the hearing officer mistakenly referred to the date of the investigation, not the date of the misconduct. The officer did not find Reed guilty of using a cell phone *after* he was charged with the violation (on March 20). Any error did not implicate Reed's due process right to an explanation of the decision.

Reed nonetheless contends, in general terms, that he was unable to properly defend himself because of the date discrepancies. He does not, however, explain—as he must to justify reversal—how he was prejudiced. See *Jones*, 637 F.3d at 846–47 (reviewing due process violations for harmless error). The evidence on which the hearing officer based his guilty finding (the admission and the call records) leaves no question that Reed was found guilty of the same offense (on the same timeline) documented in the incident report. Moreover, it is difficult to imagine how the correct dates could have helped him better prepare his defense, which was that he *never* used a cell phone. See *Piggie v. Cotton*, 344 F.3d 674, 677–78 (7th Cir. 2003) (petitioner must show how new evidence would have helped him).

Moreover, to the extent that Reed also contends that prison officials should have disclosed (in the incident report or otherwise) more detail about the evidence against him, this challenge also fails. The district court correctly concluded that due process requires only that prison officials disclose exculpatory evidence. See *Jones*, 637 F.3d at 847. We agree that there is nothing in the documentary evidence that would have been useful to Reed's defense.

Finally, Reed contends that the district court erred in concluding that his confession could be used against him in the disciplinary hearing even though he had not been given *Miranda* warnings before admitting to the cell phone use. Even so, the Fifth Amendment privilege against self-incrimination applies only in criminal cases, not prison disciplinary proceedings. See *Chavez v. Martinez*, 538 U.S. 760, 772–73 (2003) (absence of a criminal case defeats *Miranda* claim).

We have considered Reed's remaining arguments, and none has merit.

AFFIRMED