**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 25, 2021[*]
Decided August 26, 2021

*Before*

DIANE S. SYKES, *Chief Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 21-1335

| | |
|---|---|
| KEVIN L. MARTIN, | Appeal from the United States District |
| *Petitioner-Appellant,* | Court for the Northern District of |
| | Indiana, South Bend Division. |
| | |
| *v.* | No. 3:19-CV-861-DRL-MGG |
| | |
| FRANK VANIHEL, | Damon R. Leichty, |
| *Respondent-Appellee.* | *Judge.* |

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

# ORDER

Kevin Martin, an Indiana inmate,[1] injured a correctional officer by kicking his cell's door while the officer was securing it. A disciplinary hearing officer found Martin guilty of attempted battery and sanctioned him with a loss of good-time credit. Martin petitioned for a writ of habeas corpus under 28 U.S.C. § 2254, seeking to overturn the disciplinary decision. He asserted that he was not adequately notified of the charges against him, in violation of his due process rights under the Fourteenth Amendment. The district court denied the petition because Martin received constitutionally adequate notice. We agree and so affirm.

Martin received a conduct report charging him with battery for an incident that occurred during a mail delivery. A correctional officer and caseworker were delivering mail to Martin through the cuff port in his cell's door when he grabbed for a cup as if he were going to throw the cup's contents at them. The officer managed to shut the cuff port, but Martin kicked the door as the officer was locking the cuff port, causing small cuts to the officer's wrist.

Martin pleaded not guilty to the charge. To prepare his defense, he requested and received statements from prison staff as well as a photograph of the officer's injured wrist. Martin also requested the officer's medical records and video footage of the incident. But the officer had not received treatment for the injury, so he had no relevant records, and prison officials had security concerns about showing Martin the footage, so they gave him a written summary instead.

After a hearing, a disciplinary hearing officer found Martin guilty of attempted battery. As relevant here, she sanctioned Martin with a loss of 90 days of good-time credit.

Martin petitioned for a writ of habeas corpus under § 2254. He contended that he had been deprived of good-time credit without due process because the conduct report charged him with battery (not attempt), the prison did not give him the evidence he requested, the report was retaliatory, the hearing officer was biased, and her decision was unsupported by the evidence.

---

[1] Martin was housed at the Wabash Valley Correctional Facility at the time of the incident. Although he was briefly transferred to another prison, he has since returned to Wabash Valley with this court's authorization. *See* FED. R. APP. P. 23(a).

The district judge denied the petition because the prison afforded Martin all the process required by the Fourteenth Amendment. The judge decided that the hearing officer's decision was supported by some evidence—the conduct report, the video footage of the incident, and witness statements. The judge further determined that the facts in the conduct report sufficiently warned Martin that he could be found guilty of attempted battery, and the prison reasonably gave him a summary instead of the footage for security reasons. Finally, the judge explained, Martin had not offered any evidence that the hearing officer was biased.

On appeal, Martin maintains that he was not given adequate notice of the charge of attempted battery because the conduct report charged him only with battery. But the notice Martin received was sufficient. A notice is adequate if it includes facts sufficient to apprise an inmate that he could be subject to a charge, even if the notice specifies a charge different from that of which the inmate is eventually found guilty. *See Northern v. Hanks*, 326 F.3d 909, 910–11 (7th Cir. 2003) (citing *Wolff v. McDonnell*, 418 U.S. 539, 563–64 (1974)). Here, Martin received written notice of facts sufficient to warn him that he could be subject to an attempted battery charge: The conduct report described his attempts to throw liquid at and to kick prison staff, as well as the injury he inflicted upon the officer.

Martin's remaining arguments also fail. He contends that the modified charge shows that the hearing officer was biased against him. But the hearing officer was entitled to modify the charge because it was supported by the facts in the conduct report, *see id.* at 910–11, and Martin provided no other evidence of bias. Martin also says that the modified charge kept him from collecting and presenting relevant evidence in his defense. But he has not explained what other evidence he would have sought.

AFFIRMED