# In the

# United States Court of Appeals

## For the Seventh Circuit

No. 01-3784

DAVID PANNELL,

*Petitioner-Appellant*,

v.

DANIEL R. MCBRIDE,
SUPERINTENDENT,

*Respondent-Appellee.*

Appeal from the United States District Court
for the Northern District of Indiana, South Bend Division.
No. 01 C 151—**Allen Sharp**, *Judge.*

SUBMITTED[*] SEPTEMBER 11, 2002—DECIDED SEPTEMBER 30, 2002

Before COFFEY, EASTERBROOK, and MANION, *Circuit Judges.*

*Per curiam.* A Wabash Valley Correctional Facility
conduct adjustment board found Indiana inmate David
Pannell guilty of possessing a deadly weapon and sanc-
tioned him with two years' disciplinary segregation and
a demotion in credit-earning class. After exhausting his

---

[*] After an examination of the briefs and the record, we have
concluded that oral argument is unnecessary. Thus, the appeal
is submitted on the briefs and the record. *See* Federal Rule of
Appellate Procedure 34(a)(2).

state remedies, Pannell sought a writ of habeas corpus in federal district court under 28 U.S.C. § 2254. The court denied his petition and Pannell appeals. We vacate and remand.

On October 14, 1999, Sergeant Elofson, Sergeant Cassidy, and Correctional Officer Counterman searched Pannell's cell. During this search Elofson disassembled a television bearing Pannell's name and prisoner number and discovered three crude knives, marijuana, and tobacco. The next day prison officials charged Pannell with three infractions, including possession of a dangerous weapon. Pannell pleaded not guilty, claiming that another inmate had loaned him the television and that he was unaware of its contents. According to Pannell the television's exterior was sealed when he received it and remained that way until the October 14 search. The conduct board nevertheless found him guilty after an October 26 hearing.

Pannell filed a verified habeas corpus petition in February 2001, asserting that the conduct board was biased against him and that Indiana violated his due process rights by refusing his request for documents and his request to call witnesses. Pannell declared under penalty of perjury that he had submitted to the screening officer written requests for documents and witnesses a week before the hearing, but that his requests were denied. The district court then ordered Indiana to show cause why the court should not issue the writ. Indiana filed a response to the court's order, including a memorandum and supporting exhibits requesting that the petition be denied. After the court denied his request for discovery, Pannell submitted his own memorandum and supporting exhibits requesting that his petition be granted. A week later the court denied the petition, concluding that Pannell had failed to demonstrate bias and that there was no evi-

dence in the record that he timely requested documents and witnesses.

On appeal Pannell iterates that the conduct board was biased and that prison authorities violated his due process rights by stymying his efforts to obtain documents and call witnesses. Before examining the merits of his petition, however, we must restate our standard of review. Both sides assert that we examine the propriety of the prison's disciplinary proceeding under the deferential lens prescribed by 28 U.S.C. § 2254(d)(1). Under that provision federal courts may grant habeas corpus relief only if a state *court's* adjudication on the merits resulted in a decision that "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1); *Washington v. Smith*, 219 F.3d 620, 627 (7th Cir. 2000). But as this court has stated several times, a prison disciplinary board is not a "court," and Indiana does not provide for judicial review of conduct board determinations. *Piggie v. McBride*, 277 F.3d 922, 925-26 (7th Cir. 2002); *White v. Ind. Parole Bd.*, 266 F.3d 759, 765-66 (7th Cir. 2001). As a result, § 2254(d)(1) does not apply in this case and our review is de novo. *See id.*[1]

---

[1] Indiana has in the past and here continues to contend that § 2254(d)(1) applies, and in doing so either purposely or carelessly ignores this court's decisions in *Piggie* and *White*. Perhaps the State wishes to preserve for a future appeal to the United States Supreme Court its contention that § 2254(d)(1) should apply to state prison disciplinary proceedings. If so, it is still obligated to disclose to the court controlling but adverse precedent which had not been cited by its pro se adversary. *See ABA Model Rules of Professional Conduct Rule* 3.3(a)(3) (2000). Any

(continued...)

Pannell first contends that the conduct board was biased. Although he had a right to a disciplinary hearing conducted by an impartial decision maker, *see Wolff v. Mc-Donnell*, 418 U.S. 539, 571 (1974), his allegation of partiality was insufficient to support a disqualification. Pannell asserts that the conduct board was biased because the same members presided over his separate disciplinary proceedings arising from the discovery of marijuana and tobacco in the television. He complains that the conduct board had "prior knowledge of the factual events" of the October 14 search, but does not explain how this knowledge prejudiced his case. Moreover, the conduct board members had no involvement in the underlying factual events of the incident. See *Litecky v. United States*, 510 U.S. 540, 551 (1994); *Gaither v. Anderson*, 236 F.3d 817, 820 (7th Cir. 2001). Pannell thus failed to demonstrate bias.

Pannell also claims that prison authorities denied him due process by not allowing him to present documentary evidence and call witnesses in his defense. The Due Process Clause gives inmates a right to call witnesses and present documentary evidence at a hearing that results in an extension of their incarceration time by demoting their credit-earning class. *Montgomery v. Anderson*, 262 F.3d 641, 642 (7th Cir. 2001). But the right to present evidence is qualified—prison officials may exclude evidence from an inmate's hearing to ensure institutional safety or correctional goals. *Wolff*, 418 U.S. at 566. Moreover, prisoners do not have the right to call witnesses whose testimony would be irrelevant, repetitive, or unnecessary. *Id.*; *Forbes v. Trigg*, 976 F.2d 308, 317-18 (7th Cir. 1992).

---

[1] (...continued)
failure to do so in the future by the Indiana Attorney General and his deputy attorneys will expose them to sanctions.

The district court rejected Pannell's complaints because in its view there was nothing in the record demonstrating that Pannell requested the specified documents and witnesses. Pannell states that he asked for copies of his commissary history and a statement from his caseworker attesting that the prison had no record of another inmate transferring ownership of the television to him. But whether he requested these documents is of no matter because they concern a point that was not in dispute. Both parties agreed that he did not acquire the television through formal prison channels (Pannell claims he borrowed the television; a prison caseworker stated that it must have been stolen), and the requested documents would only have underscored that fact. Pannell fails to demonstrate how these documents would have shed light on whether he possessed the weapons, and, accordingly, the failure to produce them could not have harmed him regardless of whether he requested production.

But Pannell's assertion that he was denied the right to call witnesses is a different story. He asserts that on October 19 he submitted a written request asking Counterman, Cassidy, and Correctional Officer Moody to testify at his hearing. Pannell wanted Moody to testify that he searched Pannell's cell ten days earlier and observed an intact security seal on the television, but such testimony would have been irrelevant because Pannell could have concealed the weapons in the television in the interim between the two searches. Still, Counterman and Cassidy might have aided Pannell's defense. He wanted both to testify that they observed Elofson break the security seal during the October 14 search, testimony that would have corroborated his statement that he never opened the television and was unaware of its contents. Indiana counters that there is no indication from the record that either officer had personal knowledge—a patently frivolous as-

sertion given that both were present at the search. And we do not know from this record when the security seal was placed on the television, if Pannell was authorized to have another inmate's television in his cell, whether the security seal can be broken and reapplied, or if possession of a deadly weapon is a strict liability offense. Consequently, we cannot conclude that testimony from Counterman and Cassidy would have been irrelevant because it might have buttressed a potentially valid defense that he was unaware of the television's contents.

Moreover, the district court's conclusion that Pannell did not make a timely request for witnesses was premature and not supported by the record. Pannell's verified habeas corpus petition states that he submitted to the screening officer a written request to have Counterman and Cassidy testify. Indiana has not disputed this assertion, instead claiming (incorrectly) that there was no evidence in the record that he made the requests. Moreover, Pannell's assertion that he requested the witnesses is supported by a statement submitted by Counterman indicating that Pannell had requested him to appear and testify. But this statement did not address the "security seal" issue, and Indiana gave no reason why Counterman could not appear at the hearing. *See Ponte v. Real*, 471 U.S. 491, 497 (1985) (prison authorities ordinarily must give some explanation for disallowing live witness testimony). Consequently, there is evidence that Pannell requested these witnesses to appear and testify. But because the court denied the petition only a few days after Pannell submitted his request to grant it, Indiana has not yet been afforded the opportunity to meet Pannell's evidence with its own.

The judgment of the district court is VACATED and the case is REMANDED for further proceedings. On remand the court should allow Indiana to respond to Pannell's

submission before deciding whether an evidentiary hearing is necessary.

A true Copy:

      Teste:

                _____
                *Clerk of the United States Court of*
                    *Appeals for the Seventh Circuit*