**David MOSHENEK, Petitioner–Appellant,**

v.

**John R. VANNATTA, Respondent–Appellee.**

No. 03–1503.

United States Court of Appeals, Seventh Circuit.

Submitted Aug. 20, 2003.*

Decided Aug. 21, 2003.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

David Moshenek, Indiana State Prison, Michigan City, IN, Pro se.

Monika Prekopa Talbot, Office of the Attorney General, Indianapolis, IN, for Respondent–Appellee.

Before BAUER, KANNE, and EVANS, Circuit Judges.

### ORDER

Indiana inmate David Moshenek filed a petition under 28 U.S.C. § 2254, alleging that prison officials violated his due process rights when they failed properly to notify him of a disciplinary charge and found him guilty without sufficient evidence. The district court concluded that prison officials had provided adequate process and denied Moshenek's petition. We affirm.

During a shakedown of Moshenek's cell, prison officials found eight kinds of pills that could not be identified by prison medical staff. An investigation into the composition of the pills was conducted by prison investigator Howard Green in conjunction with the Indiana Poison Center, and Green produced a "Report of Field Test Examination" concluding that at least two of the pills were prescription drugs. Since Moshenek did not have a prescription for them, officials charged him with a Class A violation for possessing, introducing, or using an unauthorized substance. Three days before his disciplinary hearing, Moshenek received a copy of the conduct report noting that the basis for the violation was the presence of unidentifiable pills in his cell.

At the disciplinary hearing the conduct adjustment board (CAB) relied on the Field Test Examination report and found Moshenek guilty. The CAB concluded, however, that the evidence more accurately reflected the lesser Class B offense of possession of unauthorized property and sanctioned Moshenek with the loss of 90 days of earned-credit time. After the hearing, Moshenek received a copy of the report along with an explanation of the CAB's decision. Moshenek appealed to the Department of Corrections' Final Reviewing Authority, C.A. Penfold, who affirmed the finding of guilt but again reduced the charge, this time to the Class C offense of possession of unauthorized medication. Noting that Moshenek had maintained a clear record for six and a half years, Penfold also reduced the sanction to a loss of 30 days' earned-credit time.

Moshenek filed a petition for a writ of habeas corpus, admitting that he received notice of the original charge at least 24 hours before the hearing but claiming that officials violated his due process rights by failing to provide a separate notice of the modified charge. He further claimed that the Field Test Examination report was not sufficient evidence to support his conviction because it contained no signature and did not indicate that any tests had been performed on the pills. The district court concluded that the CAB had not violated Moshenek's due process rights by finding him guilty of an appropriate "lesser included offense" but did not address his argument about the sufficiency of the evidence. On appeal Moshenek abandons his argument that the evidence was insufficient to support a finding of guilt and argues only that he could not be found guilty of a violation for which he did not receive proper notice. Our review of the district court's decision is *de novo*. *Pannell v. McBride*, 306 F.3d 499, 502 (7th Cir.2002) (per curiam).

Indiana prisoners have a protected liberty interest in earned good-time credits and so cannot be deprived of them without due process. *See Piggie v. McBride*, 277 F.3d 922, 924 (7th Cir.2002) (per curiam). Due process entitles a prisoner to basic protec-

tions, including written notice of the charges against him at least 24 hours in advance, the opportunity to present a defense to an impartial decisionmaker, and a written explanation of the factfinder's decision containing the evidence relied upon and the basis for the decision. *See Wolff v. McDonnell,* 418 U.S. 539, 563–67, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). The purpose of the notice is to assure that the prisoner is informed of the charges so that he can prepare a defense. *See id.* at 564, 94 S.Ct. 2963; *Whitford v. Boglino,* 63 F.3d 527, 534 (7th Cir.1995) (per curiam).

Neither party has cited our recent decision in *Northern v. Hanks,* 326 F.3d 909 (7th Cir.2003), which was issued after the district court's order but before the parties' submissions and which holds that notice of the original offense is sufficient where the modified charge has the same factual basis. *Id.* at 911. In *Northern,* the inmate admitted to smuggling tobacco into the prison and was charged with a Class A offense for violating Indiana statutes prohibiting conspiracy and bribery. *Id.* at 910. He received notice of that charge and was found guilty and sanctioned with a demotion of credit-earning class. *Id.* On appeal the final reviewing authority affirmed Northern's sanction but concluded that a Class A violation for attempted trafficking more appropriately fit the facts of the case. *Id.* We concluded that because the trafficking charge involved the same factual basis as the charge alleging conspiracy and bribery, Northern had sufficient information to defend against the trafficking charge and thus there was no violation of his due process rights. *Id.* at 911. Here, too, all three charges had the same factual basis: the discovery of unidentified pills in Moshenek's cell. Since Moshenek received a copy of the conduct report identifying the Class A possession charge at least 24 hours before the hearing, he had sufficient information to defend against the Class B and C charges and so received adequate process.

AFFIRMED.