Daniel C. PORTEE, Petitioner–
Appellant,

v.

Stanley KNIGHT, Respondent–Appellee.

No. 03–2596.

United States Court of Appeals,
Seventh Circuit.

Submitted Nov. 18, 2003.*

Decided Nov. 18, 2003.

Daniel Portee, pro se, Bunker Hill, IN, for Petitioner–Appellant.

Andrew K. Kobe, Office of the Attorney General, Indianapolis, IN, for Respondent–Appellee.

Before POSNER, ROVNER, and EVANS, Circuit Judges.

## ORDER

Indiana inmate Daniel Portee petitioned for a writ of habeas corpus under 28 U.S.C. § 2254, challenging a prison disciplinary conviction that cost him 90 days of earned credit time and 30 days in disciplinary segregation. Portee contends that he was denied due process because prison officials did not provide him with adequate notice of the charge and refused to locate three witnesses for him. The district court denied the petition, and we affirm.

Portee's disciplinary conviction stemmed from a confrontation with Sergeant Brooks in the office at Westville Correctional Facility where guards initially review, or

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

"screen," disciplinary charges with inmates. On April 10, 2002, Officer McMath was screening Portee for an unrelated disciplinary matter, while Officer Richardson was screening several other inmates. When Sergeant Brooks entered the office to talk with McMath, Portee initiated a verbal exchange and ultimately directed at least one derogatory expression toward Sergeant Brooks. Sergeant Brooks then ordered Portee to put his hands behind his back so that Sergeant Brooks could place him in handcuffs, but Portee refused, keeping his hands out in front of his body. Portee protested that a medical condition for which he uses a cane required that he be handcuffed in front. Sergeant Brooks eventually succeeded in restraining Portee's hands behind his back. Afterwards, Sergeant Brooks escorted Portee to a holding cell, where Portee allegedly continued to threaten Sergeant Brooks. Sergeant Harrison observed Sergeant Brooks placing Portee in the holding cell.

Sergeant Brooks then prepared a conduct report charging Portee with attempted battery. Portee received notice of this charge two days later. A screening officer recorded Portee's request for four witnesses—inmate Nelson Cadiz, Officers McMath and Richardson, and Sergeant Harrison. According to Portee, he also told the screening officer that he wanted as witnesses the three or four inmates Richardson was screening during the incident, whose names Portee did not know.

A disciplinary hearing was initially scheduled for April 16. Prison records show that the hearing was postponed due to Portee's unavailability, but Portee alleges that in fact he was in attendance, and that the Conduct Adjustment Board (CAB) postponed the hearing in order to identify and obtain statements from the three other inmates who were with Portee in the screening office on April 10. According to Portee, when the hearing resumed on April 23, the CAB ultimately denied his request for the three additional witnesses. Relying on Sergeant Brooks's conduct report, the written statements of the four witnesses identified in Portee's screening report, and Portee's own statement at the hearing, the CAB then found Portee guilty of the lesser offense of physically resisting a staff member, rather than attempted battery as charged in the conduct report. Portee's administrative appeals were unsuccessful.

Because Portee lost good time credits, he was entitled to due process safeguards during the disciplinary process. *Wolff v. McDonnell*, 418 U.S. 539, 557, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). Due process requires at least 24 hours' written notice of the charge, an opportunity to present a defense to an impartial decision-maker, a written explanation of the fact-finder's decision, and some evidence to support that decision. *Wolff*, 418 U.S. at 563–66; *Superintendent, Mass. Corr. Instit., Walpole v. Hill*, 472 U.S. 445, 455, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985); *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir.2003).

Portee first argues that he received inadequate notice of the charge because the conduct report identifies it as attempted battery—a code 102 offense—but he was convicted of physically resisting a staff member—a code 235 violation. However, Portee procedurally defaulted this claim because he never presented it during his administrative appeals. *See Moffat v. Broyles*, 288 F.3d 978, 981–82 (7th Cir. 2002). Accordingly, we do not address it.

Portee also argues that the CAB improperly refused to locate and obtain statements from the three additional inmates who witnessed the incident. *See Kingsley v. Bureau of Prisons*, 937 F.2d 26, 31 (2nd Cir.1991) (holding that prison officials have a duty to make a reasonable effort to identify and locate witnesses that

inmate cannot sufficiently identify). According to Portee, the other inmates' testimony was necessary to defend against the charge of physically resisting Sergeant Brooks. In formulating this argument, Portee characterizes the CAB's decision as two separate actions—first finding him not guilty of the original charge and then changing the charge during its deliberations and convicting him of a second charge.

The state continues to ignore the factual dispute over when Portee requested the additional witnesses, instead maintaining that Portee failed to make a timely request and thus waived the issue. But Portee has consistently alleged that he made the request to the screening officer. And he alleges that the CAB initially postponed the hearing in order to check the screening room log and identify the additional inmate witnesses, a possibility that might appear more plausible than the state's version that Portee did not show up on the first hearing date. It is not our role to act as factfinder, so we assume for purposes of this appeal that Portee did make a timely request.

But the refusal to honor that request is not alone enough to violate due process. The right to call witnesses is not absolute, see Wolff, 418 U.S. at 566; Pannell v. McBride, 306 F.3d 499, 503 (7th Cir.2002) (per curiam), and due process does not demand that prison officials allow inmates to call witnesses whose testimony would be irrelevant, repetitive, or unnecessary, Pannell, 306 F.3d at 503. Here there is no reason to believe that the other inmates could have provided material evidence because there exists no disputed facts that could have affected the outcome of this case—Sergeant Brooks gave Portee an order to place his hands behind his back, and Portee admittedly did not follow it—keeping his hands out in front of his body. Portee has offered his own legal character-

ization of what occurred: his refusal to place his hands behind his back was not "resisting" because he had a medical reason for not complying. But that is not a factual contention, and since Portee asserts only that the missing witnesses would have offered similar opinions that Portee's obstinance was justified, he has not demonstrated that the testimony or statements from them would have had any probative value at the hearing. Because the proffered evidence from these inmates would have been irrelevant in disproving the charge against Portee, the prison officials did not have to explain their refusal to produce the three additional witnesses, see Forbes v. Trigg, 976 F.2d 308, 318 (7th Cir.1992), and they did not violate due process in excluding them, see Pannell, 306 F.3d at 503.

Accordingly, we AFFIRM the judgment of the district court.