**Shawn HUENERKOPF, Petitioner–Appellant,**

v.

**John VANNATTA,\* Respondent–Appellee.**

**No. 04–1312.**

United States Court of Appeals, Seventh Circuit.

---

\* John VanNatta has replaced Stanley Knight as Superintendent of the Miami Correctional Facility. Accordingly, VanNatta is the proper respondent, and we have substituted him as respondent-appellee pursuant to Fed. R.App. P. 43(b).

Submitted July 29, 2004.**

Decided July 29, 2004.

Shawn Huenerkopf, Bunker Hill, IN, pro se.

Frances Barrow, Office of the Attorney General, Indianapolis, IN, for Respondent–Appellee.

Before RIPPLE, KANNE, and ROVNER, Circuit Judges.

## ORDER

A Conduct Adjustment Board at the Miami Correctional Facility in Indiana found inmate Shawn Huenerkopf guilty of possessing a device capable of being a weapon—a ten-inch shank made of thick sharpened wire—and sanctioned him with a demotion in credit-earning class from II to III. Huenerkopf petitioned for habeas corpus relief under 28 U.S.C. § 2254, arguing that the CAB violated his due process rights. The district court denied the petition, concluding that the hearing was constitutionally sufficient, and we affirm.

The shank was allegedly found in Huenerkopf's mattress by Sergeant M. Brubaker during a shakedown at the Westville Correctional Center shortly before Huenerkopf's transfer to the Miami facility. He was charged with possession, introduction, or use of a dangerous weapon. At the CAB hearing, which was held after the transfer, Huenerkopf claimed that he had switched mattresses with a recently released inmate the day before the shakedown, not knowing that the new mattress contained a shank. He stated that mattress-switching was a common practice among inmates in the open dormitory area

** After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

in which he was housed. He also presented written statements from three witnesses: an inmate who helped him move the mattress; another inmate who observed the switch and saw "nothing out of the ordinary"; and a prison officer who was outside the dorm during the shakedown, and who asserted that Sergeant Brubaker left the dormitory without mentioning that any contraband items were found.

The CAB considered these statements, but concluded that Huenerkopf was nevertheless responsible for items found in his area of the dormitory. The CAB thus found him guilty, but reduced the charge to possession of a device capable of being a dangerous weapon. Huenerkopf filed an administrative appeal arguing that he should not be held responsible for something of which he was unaware. The prison superintendent denied the appeal, pointing out that according to Sergeant Brubaker's report the shank was protruding from the mattress about three-quarters of an inch, which suggested that Huenerkopf knew it was there. The conviction was also affirmed by the final reviewing authority. Huenerkopf then filed a petition for habeas corpus, alleging that the CAB violated his right to due process, but it was denied by the district court.

Huenerkopf's primary argument on appeal is that he was denied the opportunity to present witness testimony. He submitted written statements from the three witnesses he requested, but he argues that he should have been allowed to call them for live testimony, and suggests that he was transferred to Miami in order to make those witnesses unavailable. He also restates his earlier challenge to his conviction, arguing that it is not supported by a preponderance of the evidence.

Inmates in disciplinary proceedings have a right to call witnesses on their behalf. *See Wolff v. McDonnell,* 418 U.S. 539, 566,

94 S.Ct. 2963, 41 L.Ed.2d 935 (1974); *Pannell v. McBride,* 306 F.3d 499, 502–03 (7th Cir.2002) (per curiam). And when witness testimony is in order it should be live unless prison officials have a valid reason for proceeding otherwise. *See Pannell,* 306 F.3d at 503–04. "Particularly since witnesses are often the only means for an inmate to attempt to prove his version of events, the opportunity for the Adjustment Committee to evaluate the credibility and demeanor of the inmate's defense witnesses should not be discounted." *Whitlock v. Johnson,* 153 F.3d 380, 388 (7th Cir.1998).

The state, however, points out (as it did to the district court) that Huenerkopf did not challenge the CAB's failure to consider live testimony in either of his administrative appeals, but first raised the issue in the district court. He therefore did not exhaust his administrative remedies with respect to that argument, nor has he attempted to show cause for and prejudice from that failure to exhaust. The argument is thus procedurally defaulted. *See Moffat v. Broyles,* 288 F.3d 978, 981–82 (7th Cir.2002).

Huenerkopf also restates his challenge to the sufficiency of the evidence against him. But a prison disciplinary conviction will be deemed adequately supported on collateral review if it is based on "some evidence." *See Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir.2003). This standard is met by the CAB's reliance on Sergeant Brubaker's written report that he found a ten-inch shank in Huenerkopf's mattress. *See McPherson v. McBride,* 188 F.3d 784, 786 (7th Cir.1999) (written disciplinary report alone provides "some evidence" for CAB's decision).

AFFIRMED.