Michael C. BRIDGES Petitioner–
Appellant,

v.

Cecil DAVIS, Respondent–Appellee.

No. 03–4177.

United States Court of Appeals,
Seventh Circuit.

Submitted Sept. 23, 2004.*

Decided Sept. 28, 2004.

Michael C. Bridges, Michigan City, IN, pro se.

Steve Carter, Indianapolis, IN, for Respondent–Appellee.

Before EASTERBROOK, DIANE P. WOOD, and EVANS, Circuit Judges.

## ORDER

Indiana inmate Michael Bridges was sanctioned with the loss of 180 days' good time credit after a Conduct Adjustment Board (CAB) found him guilty of refusing to provide a urine sample for a drug test. He petitioned the district court for a writ of habeas corpus, 28 U.S.C. § 2254, arguing that he was denied due process because the CAB refused to allow him to present the testimony of three witnesses. The district court denied the petition and Bridges appeals. We affirm.

Bridges submitted a statement to the CAB in which he stated that a correctional officer ordered him to "Go pee in the cup," to which he responded "No." Bridges ar-

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

**510**

gued that his behavior was excused, however, because the prison officials targeted him for testing and did not select him randomly from the prison population. To support this allegation, he asked to call the Commissioner of the Indiana Department of Corrections, the warden of the prison, and the director of the state's inmate drug testing program, all of whom, he claimed, would confirm that he was being singled out for testing. The warden submitted a statement saying that he knew nothing about the incident. The CAB refused to contact the Commissioner or the director of the drug testing program because it believed that their testimony would be irrelevant.

Bridges's argument that the CAB should have contacted the Commissioner or the director of the drug testing program is frivolous. Indiana prisoners have a protected liberty interest in their good time credits, *McPherson v. McBride*, 188 F.3d 784, 785 (7th Cir.1999), and must be afforded due process before those credits can be revoked, *Wolff v. McDonnell*, 418 U.S. 539, 557, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). Due process includes the right to call witnesses but not the right to present testimony that would be irrelevant. *Pannell v. McBride*, 306 F.3d 499, 502–03 (7th Cir.2002) (per curiam). The CAB reasonably concluded that the testimony of Bridges's two witnesses would add nothing to the case. Furthermore, Bridges has offered nothing besides his own speculation to support his belief that he was targeted for the drug test, nor has he explained why he believes he has a constitutional right to refuse to take a drug test.

Bridges has a long history of frivolous litigation—both in the form of petitions for habeas corpus and suits under 42 U.S.C. § 1983—concerning his repeated refusals to submit to drug tests in prison. This is the eighth time we have either affirmed or dismissed an appeal by Bridges in which he attacked the drug testing program, and he has three more appeals related to urinalysis testing pending in this court. He has also filed three more unsuccessful appeals relating to other complaints he had with the prison. This waste of both prison and judicial resources must stop. It is unclear why Bridges wants to keep losing accrued good time credits, but this will be the only consequence of a failure to cease his frivolous protests. Moreover, he risks an escalation of his penalties, if the prison has any special policies that address persistent rule violators. Finally, we warn Bridges that while our practice is not to fine prisoners for such behavior in collateral attacks and we are not inclined to deviate from it here, he should bear in mind that if this behavior spills over into other civil litigation, such as a claim under 42 U.S.C. § 1983, he will be risking monetary sanctions.

AFFIRMED.