Mickey THOMAS, Petitioner–Appellant,

v.

Daniel R. MCBRIDE, Respondent–Appellee.

No. 04–1810.

United States Court of Appeals, Seventh Circuit.

---

Submitted Dec. 10, 2004.*
Decided Dec. 10, 2004.

Mickey Thomas, Westville, IN, pro se.

Steve Carter, Office of the Attorney General, Indianapolis, IN, for Respondent–Appellee.

Before POSNER, KANNE, and SYKES, Circuit Judges.

## ORDER

Mickey Thomas, an inmate at the Maximum Control Facility in Indiana, petitioned for a writ of habeas corpus under 28 U.S.C. § 2254, challenging a prison disciplinary proceeding in which he was found guilty of attempting to traffic with prison staff. The district court denied the petition, and we affirm.

In May 2003 prison officials began investigating Thomas after a guard reported that Thomas had offered him $250 to bring tobacco, alcohol, and other contraband into the prison. Thomas wanted the guard to collect the items from an accomplice outside the prison, Sarah Carroll. Toward that end, Thomas had another inmate, later identified as Kenneth Dickson, send $200 to Carroll under an assumed name so that she could purchase the items and pay the guard. He also gave the guard Carroll's telephone number so that he could contact her and arrange a meeting. As part of the ruse, the guard called Carroll, who informed him that she had already spent the money and would not deliver the requested items. Thomas was then charged with attempting to traffic with prison staff.

On June 2, 2003, Thomas received notice of a disciplinary hearing before the prison's Conduct Adjustment Board, along with a copy of the investigation report and the conduct report. Thomas requested that Carroll and "the other offender . . .

ty" in rejecting the defendants' equal protection claim. *Id.* at 51–52.

\* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

the one who sent Ms. Carroll the money" be called as witnesses at the hearing. He also requested that he be able to review the documentary evidence mentioned in the reports. The hearing was held on June 16, 2003. Carroll and the other inmate, who is not named in the reports given to Thomas, were not present. Thomas asked for a continuance so that these witnesses and his requested documentary evidence could be produced, but the CAB refused. Thomas then submitted an affidavit from Dickson, the prisoner he wanted to testify, in which Dickson attested that he never saw Thomas discuss trafficking with any corrections officers. Thomas also testified on his own behalf. The evidence against Thomas included the investigation report and two letters that Thomas had written to Carroll in which he described his plan and listed the items that she was to buy. The CAB found Thomas guilty, revoked 445 days of earned credit time, and demoted him in credit-earning class. Thomas also received one year of disciplinary segregation and lost commissary, telephone, and recreation privileges for six months.

In his § 2254 petition, Thomas claimed that the CAB hearing violated his due process rights in several ways. As relevant here, he argued that the CAB had denied him the opportunity to present "exculpatory" evidence, including Dickson's testimony. The district court held that Thomas's failure to identify Dickson by name until the hearing justified the CAB's refusal to hear the testimony.

Indiana inmates have a protected liberty interest in their good-time credits and credit earning class, and may not be deprived of either unless the minimum requirements of due process are fulfilled. *Montgomery v. Anderson*, 262 F.3d 641, 644–45 (7th Cir.2001). A prisoner is entitled to 24 hours' written notice of the charge against him, an opportunity to present a defense to an impartial decision-maker, and a written statement explaining the CAB's decision. *Wolff v. McDonnell*, 418 U.S. 539, 563–66, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974); *Piggie v. Cotton*, 342 F.3d 660, 662 (7th Cir.2003). That decision must be supported by "some evidence" in the record. *Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 455, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985); *Cotton*, 342 F.3d at 662.

On appeal Thomas argues that Dickson's testimony would have been exculpatory and that the CAB denied him due process by refusing to allow it. An inmate has a due process right to call witnesses when doing so would be consistent with institutional and safety goals. *Wolff*, 428 U.S. at 566. But prisoners do not have the right to call witnesses whose testimony would be irrelevant or unnecessary. *Id.; Pannell v. McBride*, 306 F.3d 499, 503 (7th Cir.2002).

The CAB's refusal to allow Dickson to testify did not violate Thomas's due process rights because Thomas did not establish that Dickson's testimony was relevant to the charge that he attempted to traffic with a prison guard. Thomas challenges the conclusion in the investigation report that Dickson sent money to Carroll for the purpose of buying contraband and paying the guard, and asserts that Dickson would have testified about "the true nature of why he sent money." But Thomas does not explain what relevance this testimony would have had to the charge that he attempted to traffic with a guard. That charge implicates neither Thomas's interactions with Dickson nor Dickson's contact with Carroll. The reports detailing Thomas's dealings with the guard, corroborated by Thomas's letters, were enough to prove the charge and would not have been refuted by Dickson's testimony. Because Thomas has no due process right in pre-

senting irrelevant testimony, the CAB did not violate his rights by refusing to hear it.

AFFIRMED.