UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 26, 2005[*]
Decided April 27, 2005

**Before**

Hon. JOHN L. COFFEY, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

No. 04-4025

| | |
|---|---|
| DAVID M. BURKS-BEY,<br>    *Petitioner-Appellant,*<br><br>    v.<br><br>JOHN R. VANNATTA,<br>    *Respondent-Appellee.* | Appeal from the United States District Court for the Northern District of Indiana, South Bend Division<br><br>No. 3:04-CV-423<br><br>Allen Sharp,<br>*Judge.* |

**O R D E R**

Indiana inmate David Burks-Bey petitioned under 28 U.S.C. § 2254 to overturn a disciplinary conviction for possessing tobacco. The district court denied relief and we affirm.

While searching Burks-Bey's cell, guards found and confiscated tobacco and rolling papers but did not issue the typical Notice of Confiscated Property for these items. They did, however, prepare an "Evidence Record" for the tobacco and paraphernalia. Burks-Bey was then charged with unlawful possession, but he

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

pleaded not guilty and requested chemical analysis of the tobacco to aid him in defending against the charge. Before the disciplinary hearing, Burks-Bey also reminded Lt. Patrick McCoy, the Conduct Adjustment Board chairman, that McCoy was a defendant in a pending lawsuit[1] filed by Burks-Bey, who insisted that McCoy would have a conflict of interest if he participated in the disciplinary hearing. But McCoy presided anyway, and the CAB found Burks-Bey guilty after considering staff reports, Burks-Bey's statement, and the physical evidence. In justifying its decision, the CAB noted that the prison does not have resources to conduct chemical analysis. The CAB revoked 60 days' earned credit time.

Indiana prisoners have a liberty interest in earned good-time credits, and are entitled to due process before they are taken away. *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003). Adequate process includes the opportunity to present testimony and documentary evidence to an impartial decisionmaker. *Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 454 (1985); *Wolff v. McDonnell*, 418 U.S. 539, 564-66 (1974); *Piggie*, 344 F.3d at 677.

As he argued before the district court, Burks-Bey contends that he was denied an impartial CAB because Lt. McCoy was at the time a defendant in an unrelated lawsuit brought by Burks-Bey. But CAB members will be disqualified only when they cannot be impartial due to substantial involvement in the incident or investigation underlying the disciplinary hearing. *See Pannell v. McBride*, 306 F.3d 499, 502 (7th Cir. 2002) (per curiam). As we have explained, "'requiring each staff member who is the subject of a separate lawsuit to disqualify himself from sitting in judgment of that inmate would heavily tax the working capacity of the prison staff.'" *Piggie v. Cotton*, 342 F.3d 660, 667 (7th Cir. 2003) (per curiam) (quoting *Redding v. Fairman*, 717 F.2d 1105, 1113 (7th Cir. 1983)). And because Burks-Bey has never identified a basis for disqualification other than McCoy's status as a defendant in his lawsuit, the district court was correct to reject this claim.

Burks-Bey also renews the argument that prison officials denied his right to present documentary and physical evidence by failing to issue a confiscation notice and not performing a chemical analysis of the seized tobacco. This contention is frivolous. As the superintendent explained in denying Burks-Bey's administrative appeal, a confiscation form for the tobacco and related paraphernalia should have been issued to comply with prison regulations, *see* MCF Operational Procedure

---

[1] That lawsuit in the Northern District of Indiana, No. 3:03-CV-577, was dismissed without prejudice on March 18, 2005, after the district court interpreted Burks-Bey's motion to transfer the matter to an international court as a motion to dismiss.

02-01-101 § II D.6.M, but the failure to do so did not hinder Burks-Bey's preparation for the hearing. And of course the mere failure to comply with prison regulations does not give rise to any federal claim. *Johnson v. Bett*, 349 F.3d 1030, 1037 (7th Cir. 2003). As to whether it was tobacco the guards found, prison officials do not need a chemist to help decide the question. *See United States v. Sanapaw*, 366 F.3d 492, 496 (7th Cir. 2004) (holding that, even in a criminal trial, chemical analysis not required to prove identity of suspected controlled substance); *United States v. Pigee*, 197 F.3d 879, 890 (7th Cir. 1999) (sentencing judge may determine cocaine base was crack through witness testimony, chemical analysis not required).

The rest of what Burks-Bey says in his brief about equal protection, the strength of the evidence, and the CAB's statement of reasons is nothing more than a rehash of the preceding arguments, and does not merit additional discussion.

AFFIRMED.