UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 19, 2005[*]
Decided December 20, 2005

**Before**

Hon. KENNETH F. RIPPLE, *Circuit Judge*

Hon. DANIEL A. MANION, *Circuit Judge*

Hon. MICHAEL S. KANNE, *Circuit Judge*

No. 05-3794

| | |
|---|---|
| CHARLIE HERBST,<br>    *Petitioner-Appellant,*<br><br>    *v.*<br><br>JOHN R. VANNATTA,<br>    *Respondent-Appellee.* | Appeal from the United States District Court for the Northern District of Indiana, South Bend Division<br><br>No. 3:05cv149 AS<br><br>Allen Sharp,<br>*Judge.* |

## O R D E R

Indiana inmate Charlie Herbst petitioned under 28 U.S.C. § 2254 to overturn a disciplinary conviction for unauthorized possession of cloth from the garment shop that was sewn into two "straps." The district court denied relief and we affirm.

The straps were found when Herbst was patted down prior to leaving the Industries building. The next day Herbst received a conduct report charging him

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

with unauthorized possession.  He acknowledged notice of his hearing date, pleaded not guilty to the charge, and requested a lay advocate.  But Herbst failed to attend his own disciplinary hearing.  The report issued by the Conduct Adjustment Board after the hearing notes that Herbst "was told to stay in the unit except for chow" but "chose to go" to recreation instead.  The CAB found him guilty based on staff reports and the straps themselves, and revoked 30 days' earned credit time.

Indiana prisoners have a liberty interest in earned good-time credits, and are entitled to due process before they are taken away.  *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003).  Adequate process includes the opportunity to present a defense before an impartial decision maker.  *Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 454 (1985); *Wolff v. McDonnell*, 418 U.S. 539, 564-66 (1974); *Piggie*, 344 F.3d at 677.

As he argued before the district court, Herbst contends that, because he was not present at his disciplinary hearing and because his lay advocate was not allowed to testify in his absence, the CAB denied him the opportunity to defend himself.  Herbst admits that he was not in his cell just prior to the hearing, but nonetheless argues that his right to due process was violated when the hearing proceeded without him given that he was just minutes away and would have attended if called.  We disagree.

Due process requires that an inmate have the opportunity to be heard on the charges against him.  *Wolff*, 418 U.S. at 566; *see Battle v. Barton*, 970 F.2d 779, 782 (11th Cir. 1992).  But the decision maker is not required to ensure the inmate's presence before conducting a disciplinary hearing.  *See Moody v. Miller*, 864 F.2d 1178, 1181 (5th Cir. 1989) ("If, through no fault of prison officials, a prisoner is unable or refuses to attend a disciplinary hearing, due process requires no more than that the hearing be held in accordance with all of the other requirements of due process.").  Herbst knew about the hearing date and has never alleged that he would have been excluded had he shown up.  Herbst even ignored an admonishment to remain in his unit except at mealtime so that he would be available for the disciplinary hearing.  Thus he was afforded the opportunity to attend and defend himself against the charge.

Herbst also seems to suggest that his lay advocate should have been allowed to testify as a witness in his absence.  Indiana procedure allows inmates facing prison discipline to call witnesses subject to limitations, *see* Ind. Code 11-11-5-5(a)(5), but Herbst was not present at the hearing to call a witness, and, regardless, he necessarily failed to allege a violation of due process because he did not say what testimony the lay advocate would have given if called, s*ee Piggie*, 344 F.3d at 677 (explaining that exclusion of witness testimony at disciplinary hearing violates due

process only when proposed testimony would not be "irrelevant, repetitive, or unnecessary"); *Pannell v. McBride*, 306 F.3d 499, 503 (7th Cir. 2003) (same); *Forbes v. Trigg*, 976 F.2d 308, 317 (7th Cir. 1992) (same). Indiana law also permits lay advocates in limited circumstances, *see* Ind. Code 11-11-5-5(a)(7), but here the CAB was not compelled to let Herbst's lay advocate speak in his absence. See *Wolff*, 418 U.S. at 570 (explaining that inmate lacks due process right to lay advocate unless inmate is illiterate or charge is particularly complex); *Miller v. Duckworth*, 963 F.2d 1002, 1004 (7th Cir. 1992).

AFFIRMED.