NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit
Chicago, Illinois 60604**

Submitted July 22, 2009[*]
Decided July 22, 2009

**Before**

JOHN L. COFFEY, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

No. 08-2920

| | |
|---|---|
| CARRIE DOUGLAS, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Southern District of Indiana, Terre Haute Division. |
| *v.* | |
| | No. 2:07-cv-354-RLY-WGH |
| ALAN FINNAN, | |
| *Defendant-Appellee*. | Richard L. Young, *Judge*. |

**O R D E R**

Carrie Douglas, an inmate at the Wabash County Correctional Facility in Indiana, filed a petition for a writ of habeas corpus, alleging that his due-process rights were violated when the prison disciplined him for filing a frivolous action in state court. *See* 28

---

[*]After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 2254.  The district court denied relief and Douglas appeals.  Because the record establishes that Douglas received due process before being disciplined, we affirm.

Thirty years after his conviction for rape, Douglas sought a motion for declaratory judgment in an Indiana trial court to order the prosecutor in the earlier proceeding to turn over the victim's medical and criminal records.  The court denied the motion as frivolous—a determination that led to prison disciplinary proceedings being brought against Douglas for "filing a claim or action found to be frivolous, unreasonable or groundless by a federal, state or administrative court."

After a hearing, a prison disciplinary board found that Douglas had indeed filed a frivolous claim, and sanctioned him with a written reprimand, loss of one month's telephone privileges, and loss of 90 days' earned credit time.  Douglas's subsequent administrative appeals were denied.

Douglas then filed his § 2254 petition, alleging that the disciplinary board denied him certain procedural rights.  He asserted that the board failed to comply with its own rules when it was slow both to charge him with a rule violation and provide him the disciplinary report, and when it failed to hold the hearing "in abeyance" until the completion of his case before the trial court.  He also asserted that his due-process rights were violated when he was not given a copy of the board's findings of fact or allowed to present evidence at the hearing.  The district court found that the disciplinary board comported with due process and dismissed the petition.

On appeal, Douglas generally renews the argument that the board did not comply with its own procedural rules when it charged him filing a frivolous claim.  But this a question of state law or prison policy, which does not give rise to a federal constitutional question for which federal habeas relief is appropriate.  *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Perruquet v. Briley*, 390 F.3d 505, 511 (7th Cir. 2004); *Perry v. McCaughtry*, 308 F.3d 682, 688 (7th Cir. 2000).

Douglas also reiterates that he was denied due process when the board failed to give him a copy of its findings of fact.  Due process requires that inmates in disciplinary proceedings be provided written notice of the charged misconduct at least 24 hours before the hearing, the opportunity to present evidence, and a written summary of the reasons for the disciplinary action.  *See Wolff v. McDonnell*, 418 U.S. 539, 563-69 (1974); *Scruggs v. Jordan*, 485 F.3d 934, 939 (7th Cir. 2007).   As the district court pointed out, however, the record shows that Douglas was afforded whatever process he was due.  Indeed, the form that contains the board's findings bears Douglas's signature at the bottom of the page, reflecting that he was made aware of the disposition.  (R. 22, Ex. C.)

Finally, Douglas reasserts that the board denied him due process by refusing his request to submit documentary evidence. We note that there is some question as to whether Douglas properly made such a request. On the hearing notice, a box has been checked to indicate that the offender did not wish to have physical evidence presented; Douglas, however, denies that it was he who checked the box. The dispute is immaterial, however, because the board already had the documents Douglas says he wished to present—a copy of the trial court's order and copies of the prison's disciplinary rules—and additional copies of these documents would have had no bearing on the hearing's outcome. Due process requires only that a prisoner be permitted to present documentary evidence that is material to a *disputed* point. *See Johnson*, 467 F.3d at 694; *Pannell v. McBride*, 306 F.3d 499, 503 (7th Cir. 2002). The only issue before the board was whether Douglas's suit was frivolous, and the board stated in its report that it based its decision on the trial court's order dismissing his case as frivolous. Any failure on the part of the board to hand over the documents, therefore, did not deprive Douglas of due process. *See Pannell*, F.3d at 503.

**AFFIRMED**.