**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 26, 2014[*]
Decided December 1, 2014

**Before**

ANN CLAIRE WILLIAMS, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

| | |
|---|---|
| No. 14-2060 | |
| | Appeal from the |
| PAUL E. WAGNER, | United States District Court for the |
|     *Petitioner-Appellant*, | Southern District of Indiana, |
| | Terre Haute Division. |
|     *v.* | |
| | No. 2:13-cv-416-JMS-WGH |
| STANLEY KNIGHT, Superintendent, | |
| Pendleton Correctional Facility, | Jane E. Magnus-Stinson, |
|     *Respondent-Appellee*. | *Judge*. |

**O R D E R**

Paul Wagner, an Indiana prisoner, appeals the denial of his petition for a writ of habeas corpus, *see* 28 U.S.C. § 2254, alleging that he was denied due process in a prison disciplinary hearing. Because some evidence supports the finding of guilt, we affirm.

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and record. *See* Fed. R. App. P. 34(a)(2).

In August 2013 Wagner covered the window to his cell at Pendleton Correctional Facility with a blanket. When a correctional officer reached to pull down the blanket, Wagner struck the palm of the officer's right hand with a sharp object that the officer believed to be a razor shard. Another officer then handcuffed Wagner and searched the cell but did not find anything sharp. The officer who sustained the cut accused Wagner of slicing his hand with a razor blade and charged him in a conduct report with battery with a weapon.

At his disciplinary hearing, Wagner denied cutting the officer's hand and maintained that he had no sharp object, but the hearing officer found him guilty based on the conduct report, other staff reports, and a photograph of the officer's injury. Wagner was disciplined with one year of disciplinary segregation, a loss of 337 days' good-time credit, a demotion in his credit-earning class, and a written reprimand. Wagner submitted consecutive administrative appeals, arguing that the evidence was insufficient to find him guilty of battery with a weapon when a weapon was never found, but both appeals were denied.

Wagner then petitioned under § 2254 for a writ of habeas corpus, arguing that he was sanctioned without due process because no evidence supported the discipline. The district court denied his petition, largely on the basis that the conduct report and a photograph of the officer's injured hand provided sufficient evidence to support the hearing officer's finding of guilt.

On appeal Wagner presses his claim that the evidence was insufficient to find him guilty. But due process requires only "some evidence" to support the hearing officer's decision, *Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 455 (1985); *see Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003), and we agree with the district court that the hearing officer's determination was supported by the conduct report, *see McPherson v. McBride,* 188 F.3d 784, 786 (7th Cir. 1999), and the photograph of the cut on the officer's hand. Even if the razor blade was never recovered, these materials provide "some evidence" to uphold the discipline.

Wagner also argues that the district court erred by refusing to consider two affidavits from fellow prisoners who asserted that a sharp object was never found in his cell. But the fact that no weapon was recovered is not disputed, so neither affidavit undermines the reliability of the evidence (e.g., conduct report, photograph) on which the hearing officer did rely. *See Pannell v. McBride*, 306 F.3d 499, 503 (7th Cir. 2002); *Meeks v. McBride,* 81 F.3d 717, 720 (7th Cir. 1996).

Wagner finally asserts that the prison should have conducted a full investigation because prison policy requires an investigation when an employee is assaulted and seriously harmed. But this claim does not bear on whether the disciplinary hearing comported with due process, and in any event it is a state-law claim that is not cognizable on federal habeas review. *See Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991); *Hayes v. Battaglia,* 403 F.3d 935, 939 (7th Cir. 2005).

AFFIRMED.