**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 20, 2018[*]
Decided January 25, 2019

**Before**

JOEL M. FLAUM, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

No. 18-1971

| | |
|---|---|
| ANTHONY C. MARTIN, | Appeal from the United States District |
| *Petitioner-Appellant*, | Court for the Southern District |
| | of Indiana, Indianapolis Division. |
| *v.* | |
| | No. 1:17-cv-01708-RLY-DLP |
| DUSHAN ZATECKY, | |
| *Respondent-Appellee*. | Richard L. Young, |
| | *Judge*. |

**O R D E R**

After a disciplinary hearing, inmate Anthony Martin was found guilty of possessing a controlled substance at Pendleton Correctional Facility in Indiana. He was stripped of good-time credit, among other sanctions. Eventually he petitioned for a writ of habeas corpus under 28 U.S.C. § 2254, alleging that in five ways the prison punished him without due process: insufficient evidence supported his conviction; the hearing officer was biased against him; he was not permitted to call witnesses for his defense; he

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. CIV. P. 34(a)(2)(C).

was denied a lay advocate; and the prison denied his request to retest the controlled substance and present other evidence. The district court determined that Martin failed to exhaust his administrative remedies and had procedurally defaulted his claims.

Where a habeas petitioner has not exhausted a claim and complete exhaustion is no longer available, the claim is procedurally defaulted, but such default can be excused if he can demonstrate cause for the default and prejudice, or that the failure to consider his claims would constitute a miscarriage of justice. *Guest v. McCann*, 474 F.3d 926, 930 (7th Cir. 2007); *Perruquet v. Briley*, 390 F.3d 505, 514 (7th Cir. 2004). The record is unclear as to whether Martin had cause for the failure to exhaust, as there is some evidence calling into question whether he received timely notice of the denial of his first appeal so as to allow him to timely appeal that denial. But we need not resolve that question, because his claims are without merit and therefore he is unable to demonstrate either prejudice or a miscarriage of justice.

Martin's hearing occurred after he was charged with possessing cocaine. A correctional officer named Davis (his first name is not in the record) searched Martin's property and discovered a white powdery substance. He completed an "Evidence Record" form recording his discovery and delivered the substance to Officer Kraus (whose first name is also not in the record). Officer Kraus field-tested the substance and determined that it was cocaine. Martin later received a notice charging him with possessing the cocaine, pleaded not guilty, and made three requests. He asked that he receive a lay advocate for his hearing, that the substance be retested by an outside laboratory, and that three chosen witnesses testify for him. The prison denied his requests. It explained that the substance had already been tested, one witness had already given a statement, the second was not present when the substance was found, and the third (Officer Davis) had given his statement in the conduct report. The hearing officer found Martin guilty of possessing a controlled substance. As relevant to his petition, he lost 90 days good earned-time credit and was demoted to a lower credit-earning class.

Martin appealed the hearing officer's decision internally, raising several arguments. He argued that (1) he was wrongly denied his right to call witnesses and present other evidence; (2) the evidence was not reliable because the chain of custody of the tested substance was incomplete and the substance was not tested by an outside lab; and (3) the hearing officer was not impartial because she made racial remarks. The prison denied Martin's appeal, and Martin then unsuccessfully pursued relief through the Indiana Department of Correction's administrative procedures.

Martin next went to district court. He petitioned for a writ of habeas corpus under 28 U.S.C. § 2254, asserting the same due-process violations that he raised in his appeal of the hearing officer's decision. The district court denied relief, ruling that Martin had procedurally defaulted his claims because he had not properly pursued an appeal with the Department's Final Reviewing Authority. *See* 28 U.S.C. § 2254(b)(1)(A); *Moffat v. Broyles*, 288 F.3d 978, 981–82 (7th Cir. 2002) (describing Indiana's two-step administrative appeals process that prisoner must complete to properly exhaust claims).

The relevant legal principles are well established. Martin has a liberty interest in his good-time credit and his credit-earning class, so he is entitled to due process before those interests can be taken away. *See Wolff v. McDonnell*, 418 U.S. 539, 557 (1974); *Scruggs v. Jordan*, 485 F.3d 934, 939 (7th Cir. 2007). In this context, due process requires that the prison's decision has support from "some evidence in the record," a lenient standard requiring no more than "a modicum of evidence." *Walpole v. Hill*, 472 U.S. 445, 454–55 (1985); *see also Donelson v. Pfister*, 811 F.3d 911, 916 (7th Cir. 2016). We ask only "whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455–56. Due process also entitles a prisoner to an impartial hearing officer and material, non-redundant witnesses whose appearance does not jeopardize prison security. *See Jones v. Cross*, 637 F.3d 841, 845 (7th Cir. 2011); *Scruggs*, 485 F.3d at 939.

Martin first contends that the evidence is insufficient to convict him because the prison did not establish a proper chain of custody of the substance. We disagree. The "Evidence Record" that Officer Davis completed confirms that he found the substance in Martin's property and delivered it to Officer Kraus, who stated that he received the substance from Officer Davis and field-tested it. Taken together, this is "some evidence" supporting the decision to sanction Martin. *See Webb v. Anderson*, 224 F.3d 649, 652–53 (7th Cir. 2000). Furthermore, Martin offered no evidence that these statements and the field test are mistaken, so nothing undermines the sufficiency of this evidence. *See id.* at 653; *Meeks v. McBride*, 81 F.3d 717, 721 (7th Cir. 1996).

Martin also argues that the prison denied him due process by rejecting his request to call three witnesses, but we see no error with the prison's decision. One of the witnesses that Martin requested was not present during the search of Martin's property or during the field test. Martin does not explain how, given this witness's absence from the two key events, his testimony could have been relevant. The other two witnesses that Martin requested had already given statements, and Martin has not explained how their testimony would have differed from those statements. Because Martin does not

have a right to call witnesses who would give irrelevant, repetitive, or unnecessary testimony, *see Scruggs*, 485 F.3d at 939–40; *Pannell v. McBride*, 306 F.3d 499, 503 (7th Cir. 2002), the prison did not violate Martin's due process rights by refusing to call them.

Martin next asserts that the hearing officer was biased against him and commented on his race during the hearing. In this appeal, he asserts that the hearing officer was biased and personally involved in the conduct report, that she was having a sexual affair with Davis and Kraus, that she was a known recovering drug addict, and that she made racial comments stating that blacks are the cause of cocaine in the neighborhood. Of those allegations, only the claim of racial bias was raised in state proceedings, and in those proceedings he did not set forth the actual alleged statements, asserting the claim only a conclusory manner such as alleging the hearing officer made "racial and defamatory" statements. We presume the honesty and integrity of adjudicators, and the burden for proving impermissible behavior is high. *See Piggie v. Cotton*, 342 F.3d 660, 666–67 (7th Cir. 2003). Martin has not met this burden. Comments by a hearing officer about race may reflect bias, but the unsworn and unsupported allegations by Martin were an insufficient basis to call the presumed integrity of the hearing into question. *See Redding v. Fairman*, 717 F.2d 1105, 1113 (7th Cir. 1983).

That brings us to Martin's next challenge—that the prison denied him a lay advocate. Martin lacks a right to a lay advocate unless he is illiterate or the subject matter is complex. *See Wolff*, 418 U.S. at 570; *Miller v. Duckworth*, 963 F.2d 1002, 1004 (7th Cir. 1992). His grievances and his administrative appeals show that he is literate, and there is nothing complex about this possession case. In any case, the record of the hearing suggests that the prison *gave* Martin a lay advocate.

Last, Martin asserts that he was denied due process because the prison denied his request for outside testing of the substance found in his property. But Martin has not given us a reason to doubt the reliability of the field test, and we have found no case that requires a prison to retest a substance that initially and reliably tested positive as a controlled substance. Martin, too, has not pointed us to any such case. Indeed, such retesting is not required even in criminal trials. *See United States v. Sanapaw*, 366 F.3d 492, 496 (7th Cir. 2004). Martin responds that the prison denied him a chance to present other evidence at his hearing, but he did not offer to the district court any admissible evidence that he asked to present other evidence at the hearing. We therefore conclude that the hearing comported with due process.

We have considered Martin's other contentions, but none merits discussion. The judgment of the district court is AFFIRMED.