In the

# United States Court of Appeals
## For the Seventh Circuit

Nos. 21-1485 & 21-1486

ROSCOE CHAMBERS,

*Petitioner-Appellant*,

*v.*

ANDREW CIOLLI, Warden,

*Respondent-Appellee.*

Appeals from the United States District Court for the
Northern District of Illinois, Western Division.
Nos. 3:19-cv-50247 & 3:19-cv-50331 — **Iain D. Johnston**, *Judge.*

SUBMITTED NOVEMBER 8, 2021 — DECIDED DECEMBER 6, 2021

Before ROVNER, SCUDDER, and KIRSCH, *Circuit Judges.*

PER CURIAM. Roscoe Chambers, a federal prisoner, appeals
the denial of two petitions for a writ of habeas corpus, *see* 28
U.S.C. § 2241, asserting that he was denied due process in
prison disciplinary hearings. The district court in both cases
found that Chambers received the process he was due. Be-
cause the issues presented in the two appeals are similar, we
have consolidated them for disposition and affirm.

Both of Chambers's petitions concern his loss of good-time credit arising out of incidents that occurred during a six-month period between 2018 and 2019 at his prior facility, the United States Penitentiary Lewisburg in Pennsylvania. In the first case (No. 19-cv 50247), Chambers was disciplined with the loss of 41 days for refusing a prison guard's instructions to provide a urine sample, disobeying a staff member's order, and acting with insolence towards the staff member. After an initial hearing before a Unit Disciplinary Committee, the charges were referred to a disciplinary hearing officer who determined that Chambers had committed the infraction. The officer credited the account of the reporting guard over Chambers's testimony that he never was asked for a urine sample and that this could be confirmed by surveillance video showing that the guard did not have a urine specimen cup while approaching his cell.

In the second case (No. 19-cv 50331), Chambers lost 27 days' good-time credit after being found guilty of interfering with a security device (he had activated a cell alarm by forcibly kicking his cell door), in violation of Bureau of Prisons Prohibited Act Code 208. At his disciplinary hearing, Chambers argued that he had kicked the cell door to get the guard's attention so that he could report pain he was experiencing from a dental procedure. He asked to call several witnesses, including the warden and a nurse, to corroborate his testimony that he had informed them his mouth was hurting. The hearing officer denied the request, however, because none of the witnesses was present during the incident or had information relevant to the charge, and their testimony "could not reasonably be expected to lead to a conclusion inmate Chambers did, or did not, commit the prohibited act." Ultimately, the hearing officer found Chambers guilty based on his

undisputed statement to the guard (as detailed in the guard's report) that he was not in distress or having a medical emergency when he kicked his cell door.

Chambers raised due process challenges in separate § 2241 petitions that he filed to restore his good-time credit. In both cases, he argued that (1) the record lacked sufficient evidence to support the outcome; (2) he was denied the opportunity to call his proposed witnesses; (3) the preliminary hearing was conducted by one, not two, staff members, in violation of Bureau of Prisons regulations; and (4) the warden's counsel, an Assistant U.S. Attorney, violated 28 C.F.R. § 50.15 by responding to his petition without authorization, and so her response should be ignored. In the second case, he added that the hearing officer was biased against him because of a previous lawsuit he filed.

The district court denied both petitions, explaining that Chambers received all the process that he was due. The court concluded that the disciplinary determinations were supported by sufficient evidence: the incident reports in both cases supported Chambers's guilt. Further, Chambers had no due-process right to call witnesses whose testimony would be repetitive and irrelevant. The court next determined that only one staff member was required under BOP policies to initially review and refer high-severity violations like Chambers's to a hearing disciplinary officer. With regard to Chambers's § 50.15 argument, the court concluded that Chambers introduced no evidence that counsel appeared without authorization. And in the second case, the court took judicial notice that the hearing officer was not involved in Chambers's prior suit and noted that Chambers had not introduced any other evidence of bias.

In both appeals, Chambers presses similar arguments to those that he raised in the district court. For substantially the same reasons, we agree with the district court's analysis. Federal courts must affirm prison disciplinary decisions if they are supported by "some evidence," *Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 455 (1985), and the district court was right that the incident reports sufficed to clear that low bar. Further, the court was correct that prison officials may deny access to witnesses whose testimony would be irrelevant. *See Pannell v. McBride*, 306 F.3d 499, 503 (7th Cir. 2002). The court also appropriately concluded that the record in the second case lacked any evidence of bias.

Chambers's remaining arguments are frivolous. First, the court correctly found that the initial reviews of Chambers's cases by a one-member Unit Disciplinary Committee complied with BOP rules. *See* BUREAU OF PRISONS, PROGRAM STATEMENT 5270.09, at 23, (2011) (noting that "[o]nly one unit staff member is required to hold an initial review when the incident report is required by policy to be referred to [a hearing officer]"). Both of Chambers's violations were in high-severity categories that were required to be referred to the hearing officer. *Id.* at 23, 44, 47. Next, the Assistant U.S. Attorney permissibly responded to Chambers's petitions. Authorization is not required when, as here, government employees face official-capacity suits, which are defended by the U.S. Department of Justice. 28 C.F.R. § 50.15(a)(8)(i); *see McBryde v. United States*, 299 F.3d 1357, 1362 (Fed. Cir. 2002). "We doubt in any event that the rules regarding representation by the government of its employees are intended for the protection of opposing litigants." *Bontowski v. Smith*, 305 F.3d 757, 760 (7th Cir. 2002).

Chambers, a frequent litigant, is warned that he risks monetary sanctions if he continues to repeat in future cases these arguments that we have found to be frivolous. *See Alexander v. United States*, 121 F.3d 312, 315–16 (7th Cir. 1997).

AFFIRMED