## NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 23, 2010[*]
Decided July 19, 2010

**Before**

JOHN L. COFFEY, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

No. 09-2744

| | |
|---|---|
| SEAN L. HADLEY, | Appeal from the United States District |
| *Petitioner-Appellant,* | Court for the Northern District of Indiana, |
| | South Bend Division. |
| *v.* | |
| | No. 3:08cv449 |
| EDWIN G. BUSS, | |
| *Respondent-Appellee.* | Allen Sharp, |
| | *Judge.* |

**O R D E R**

Former Indiana inmate Sean Hadley appeals from the denial of his petition for a writ of habeas corpus under 28 U.S.C. § 2254, contesting the manner in which he was sanctioned for refusing to participate in the state's mandatory treatment program for sex offenders. He argues that full participation in the treatment program violated his Fifth

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

Amendment right against compelled self-incrimination, and that the punishment for his non-participation was in violation of the Ex Post Facto Clause. Hadley also asserts he was denied due process at his disciplinary hearing. We affirm.

Hadley received a 20-year prison sentence in 2000 after he pleaded guilty in Indiana state court to two counts of sexual misconduct with a minor and one count of child molestation. *Hadley v. State*, 2008 WL 2152244, at *1 (Ind. Ct. App. 2008) (unpublished). In 2001 Hadley initially petitioned the state court for post-conviction relief, urging that he be allowed to withdraw his pleas. The trial court denied the petition, the appellate court affirmed, and the Supreme Court of Indiana declined to grant review of the case. *Id*.

During Hadley's confinement, and while his post-conviction appeal was pending, Hadley refused to participate in the Indiana Department of Corrections[1] ("IDOC") treatment program for sex offenders, Sex Offender Management & Monitoring[2] ("SOMM"). An IDOC disciplinary hearing board found him guilty of violating the prison's disciplinary code and imposed a sanction by demoting him to a lower credit-earning class for his refusal to participate in SOMM. Hadley appealed the board's decision, first to the prison superintendent and then to the final reviewing authority of the IDOC, but his appeals were denied. Subsequently, he petitioned for a writ of habeas corpus in the district court and it was also denied.

Hadley was released from prison in January 2010 and is to remain on parole until 2019. On appeal, Hadley repeats the same arguments he has made since his disciplinary hearing. His primary contention is that SOMM violated his Fifth Amendment privilege against compelled self-incrimination. In Hadley's view, the longer sentence he received—due to his demotion in credit-earning class—for nonparticipation was unconstitutional compulsion under *McKune v. Lile*, 536 U.S. 24 (2002). Moreover, he contends that SOMM's requirement that he admit to committing his sex offenses would incriminate him, because those convictions were pending appellate review.

---

[1] The Indiana Department of Corrections governs Indiana state prisons, including the New Castle Correction Facility where Hadley was incarcerated. Under Indiana state law, the IDOC is responsible for implementing all policies and procedures related to Indiana state prisons.

[2] The IDOC Sex Offender Management & Monitoring is a program designed to rehabilitate incarcerated sex-offenders in order to minimize future threats to the public. One requirement of SOMM is that offenders must take responsibility for their offenses.

In *McKune*, five justices of the Supreme Court concluded that a rehabilitation program for sex offenders in the prisons of the state of Kansas did not run afoul of the Fifth Amendment, even though it required participants to admit committing their crimes and curtailed prison privileges for those who refused to participate. *Id*. Under this view, Lile's loss of privileges for refusing to participate did not rise to the level of compulsion. Hadley points out that Justice O'Connor concurred in the result but disagreed with the four-member plurality on the standard for evaluating compulsion, *id*. at 48-49 (O'Connor, J., concurring in judgment), and suggested that if refusal to participate were penalized with a longer term of incarceration—as in his case—the penalty would be unconstitutional compulsion, *id*. at 52. But Hadley's situation is distinct from *McKune* in at least one critical respect: While the prisoner in *McKune* was convicted before a trial court, Hadley admitted his guilt when he pleaded guilty before trial, and in doing so waived his privilege against compelled self-incrimination. *See Boykin v. Alabama*, 395 U.S. 238, 243 (1969); *see United States v. Cranley*, 350 F.3d 617, 620 (7th Cir. 2003).

Furthermore, Hadley is in error when he states that his *convictions* were pending appellate review when he refused to participate in SOMM; pending at the time was his *post-conviction petition*, in which he sought to withdraw his guilty pleas. *Hadley v. State*, 2008 WL 2152244, at *2 (Ind. Ct. App. 2008) (unpublished). That post-conviction petition addressed only the voluntariness of Hadley's pleas, but not the merit of his convictions. *See United States v. Broce*, 488 U.S. 563, 569 (1989); *see also United States v. George*, 403 F.3d 470, 472 (7th Cir. 2005).

Hadley also maintains that Indiana Code § 35-50-6-5(a)(6)—the statute authorizing deprivation of his credit time and demotion in credit-earning class for his refusal to participate in SOMM—is an ex post facto law as it came into existence after his sex offenses. But the Ex Post Facto Clause forbids laws that retroactively increase punishment for a crime of conviction; it does not forbid or deal with prison discipline. *See* U.S. CONST. art. I, § 10, cl. 1; *see also Cal. Dep't of Corr. v. Morales*, 514 U.S. 499, 504-06 (1995); *Grennier v. Frank*, 453 F.3d 442, 444 (7th Cir. 2006); *Westefer v. Snyder*, 422 F.3d 570, 576 (7th Cir. 2005). The Indiana statute did not retroactively punish Hadley for the crime that resulted in his imprisonment or confinement. The Indiana statute authorized Hadley's prison sanction for violating IDOC's disciplinary code. *See Gilbert v. Peters*, 55 F. 3d 237, 239 (7th Cir. 1995).

Hadley also contends that the IDOC disciplinary hearing board violated his right to procedural due process, claiming that the board rushed to decision without considering his constitutional arguments and evidence. But in the context of prison disciplinary hearings, due process requires only that a prisoner receive written notice of the charges at least 24 hours in advance of the hearing; an opportunity to present testimony and evidence to a

neutral decision-maker; and a written explanation supported by some evidence in the record. *See Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985); *Wolff v. McDonnell*, 418 U.S. 539, 564-66 (1974); *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003). It requires neither a minimum period of deliberation nor consideration of immaterial evidence. *See Pannell v. McBride*, 306 F.3d 499, 503 (7th Cir. 2002). The hearing board disciplinary report clearly lists the evidence Hadley offered as being considered and relied upon in reaching its decision. Even if the hearing board did not consider Hadley's evidence, no due process violation occurred because Hadley's evidence was immaterial to the prison disciplinary hearing. His evidence—copies of *McKune v. Lile*, and paperwork showing that his post-conviction petition was on appeal—had nothing to do with the purpose of the hearing: to determine whether Hadley violated the prison disciplinary code.

Hadley also raises two evidentiary arguments. He argues first that the district court erred when it denied his motion to "amend the appendix" to his petition so that he could introduce newly discovered evidence that similarly situated inmates—those who refused to participate in SOMM on Fifth Amendment grounds and whose sex-offense convictions were pending on appeal—had been found not guilty of violating the prison disciplinary code or had even had their disciplinary charges dismissed. The trial court did permit Hadley to attach any additional evidence to his reply brief, which he eventually did. We see no abuse of discretion in its decision to deny the motion. *Lyerla v. AMCO Ins.* Co., 536 F.3d 684, 693 (7th Cir. 2008).

Hadley lastly argues that the district court abused its discretion when it denied his motion to amend his petition to request a court order that his parole be discharged in February 2011. The new relief he sought was simply an offshoot of the relief he sought in his original petition—an order that he be released from prison in February 2009—based on his mistaken belief that his parole could not exceed two years. Hadley's motion to amend did not seek to make significant changes to the original petition; he did not want to amend the facts or present new claims. Denying the motion was not an abuse of discretion.

We AFFIRM.