**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-1895
_____

GREGORY D. CROSBY,
                        Appellant

v.

WARDEN LEWISBURG USP
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 3-16-cv-01861)
District Judge:  Honorable Malachy E. Mannion
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 10, 2018

Before:  GREENAWAY, JR., BIBAS and ROTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed: October 9, 2019)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se appellant Gregory Crosby, a federal prisoner proceeding in forma pauperis, appeals from the District Court's order denying his habeas corpus petition filed pursuant to 28 U.S.C. § 2241. His petition sought relief from sanctions imposed in prison disciplinary proceedings. For the reasons discussed below, we will affirm.

I.

On July 30, 2014, while Crosby's cellmate Leon Brown was being escorted into their cell, Crosby head-butted Brown in the face, knocking him to the floor. The four officers who witnessed the event responded and subdued Crosby. That same day, they filed an incident report and provided Crosby with a copy. The matter was initially referred to the FBI. On August 18, the FBI declined to pursue the matter for possible criminal charges, and released the incident report back to the Bureau of Prisons.

On August 19, Crosby was again provided with the incident report and a notice of hearing, explaining that he was charged with assault, an offense in the prison's discipline scheme. Crosby signed a waiver, declining to appear before the Discipline Hearing Officer ("DHO"), and requested the appointment of a staff representative for the hearing. On August 26, the DHO held a hearing. Crosby was represented by Mr. Tharp, a staff representative, who submitted a written statement that Crosby had prepared in his defense.

In the two-page statement, Crosby indicated that he was "pleading not guilty," but also admitted that he had "push[ed]" Brown. Rather than contest the assault at issue,

2

Crosby primarily argued that the officers had used excessive force in subduing him. For that purpose, Crosby requested to call as witnesses the inmates who were in cells 217–223 during the incident, but he was unable to identify any of those inmates by name. Crosby also stated that no specific video was taken of the incident, including during the use of force against him, because the "videorecorder didn't start" until ambulatory restraints were placed on him after he was subdued. Nonetheless, Crosby requested that "video surveillance (range 2)" be reviewed by the DHO as evidence to support his allegations that the "officers assault[ed]" him.

The DHO reviewed the evidence, including the written statements of the four officers, medical reports for Crosby and Brown, and Crosby's written statement. The DHO denied Crosby's request to call witnesses because they could not be identified. The DHO also denied Crosby's request that the video footage be reviewed because Crosby sought to use it to show that officers used excessive force in response to his push of Brown. The DHO found Crosby guilty of assault and imposed various sanctions, including the loss of 27 days' good conduct time.

After pursuing administrative remedies, Crosby filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, arguing that his due process rights were violated during the disciplinary proceedings. The District Court denied the petition. This appeal ensued.

II.

We have jurisdiction under 28 U.S.C. § 1291. Crosby's procedural due process challenge to the disciplinary hearing was properly brought under § 2241 because it entailed the loss of good time credits. See Edwards v. Balisok, 520 U.S. 641, 645–46 (1997). We review the District Court's denial of habeas relief de novo and its factual findings for clear error. Denny v. Schultz, 708 F.3d 140, 143 (3d Cir. 2013).

III.

A disciplinary hearing that may result in the loss of good time credit must provide certain due process safeguards to a prisoner, including an opportunity to call witnesses and present documentary evidence. Wolff v. McDonnell, 418 U.S. 539, 564–66 (1974). These rights are qualified, and can be denied if a prisoner's request would be "unduly hazardous to institutional safety or correctional goals," including the need "to limit access to other inmates to collect statements or to compile other documentary evidence." Id. at 566. We have explained that "the discretion to be accorded prison authorities in this area is quite broad." Young v. Kann, 926 F.2d 1396, 1400 (3d Cir. 1991).

Here, Crosby argues that his due process rights were violated because he was denied the opportunity to call witnesses and because video evidence was not reviewed at his disciplinary hearing.[1] We agree with the District Court's determination that Crosby's

_____

[1] To the extent that Crosby has also argued that he was not given sufficient notice, that argument is meritless. Even assuming that the FBI's release of the incident report back to the Bureau of Prisons somehow constituted a "new" or "amended" incident report for

4

due process right to present witnesses was not violated by the DHO's refusal to call the inmates who were present in cells 217–223 during the incident. Because Crosby could not specifically identify those inmates and their availability to testify, see 28 C.F.R. § 541.8(f)(2), or explain the relevance of their testimony in light of Crosby's own admission that he pushed Brown, the DHO's refusal to call those witnesses did not violate Crosby's due process rights. See Wolff, 518 U.S. at 566; Scott v. Kelly, 962 F.2d 145, 147 (2d Cir. 1992) (noting that a prisoner's request for a witness can be denied on the basis of irrelevance).

We also agree with the District Court's determination that Crosby's due process rights were not violated by the DHO's decision not to review video evidence. Crosby admitted that no specific video was made of his interaction with Brown, which was, of course, to be the focus of the hearing. And Crosby sought to have surveillance and other video considered to show how the guards responded to his push of Brown. The DHO did not violate Crosby's due process rights by declining to review this information, irrelevant to the purpose at hand.[2] See Wolff, 518 U.S. at 566; Pannell v. McBride, 306 F.3d 499, 503 (7th Cir. 2002).

---

which Crosby was entitled to separate notice, he received such notice on August 19, the day after the FBI released the incident report, and one week prior to Crosby's hearing. Cf. Wolff 418 U.S. at 564; 28 C.F.R. § 541.5(a).

[2] Crosby may pursue any excessive force claims he may have through separate litigation and after proper administrative exhaustion.

To the extent Crosby also argues that, without any video, the evidence was insufficient to support the DHO's findings, that argument is meritless. The Supreme Court has held that "revocation of good time does not comport with the minimum requirements of procedural due process unless the findings of the prison disciplinary board are supported by some evidence in the record." Superintendent v. Hill, 472 U.S. 445, 454 (1985) (internal quotation marks and citations omitted). This minimal standard "does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence." Id. at 455. Rather, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." Id. at 455–56 (citations omitted). We conclude that the evidence here, including the reports of the four officers who witnessed the assault, was well more than sufficient to support the DHO's conclusion.

Accordingly, we will affirm the judgment of the District Court.